**Brian SPEER, Appellant,**

v.

**Neysa COLON, f/k/a Neysa Rosario, Respondent.**

**No. SC 86321.**

Supreme Court of Missouri, En Banc.

Feb. 15, 2005.

Sarah L. Reeder, Joplin, for appellant.

Aaron W. Farber, Neosho, for respondent.

RONNIE L. WHITE, Chief Justice.

### I.

Brian Speer appeals from the circuit court's order modifying child custody and

support for his only child, J.A.S. This Court has jurisdiction, Mo. Const. art. V, sec. 10. The judgment is reversed, and the cause is remanded.

## II.

In 1996, Speer and Neysa Colon dissolved their marriage, and the trial court awarded the couple joint legal and joint physical custody of J.A.S. The order also granted "primary care and custody" to Colon with liberal visitation rights for Speer.[1]

In 2001, Speer sought primary physical custody and termination of his support payments alleging that Colon physically abused J.A.S.[2] Speer also filed for a contempt citation, alleging that Colon had refused him visitation on J.A.S.'s birthday and had failed to produce J.A.S. for a court-ordered psychological evaluation.

On May 7, 2003, the trial court entered a modification judgment awarding joint legal custody to Speer and Colon, with Colon having "primary physical custody" of J.A.S. and with Speer having "liberal and specific visitation."[3] The trial court also overruled Speer's contempt motion.

## III.

Speer raises three points on appeal. The first two challenge the sufficiency of the trial court's findings with regard to child custody and support as required by sections 452.375, 452.400 and 452.370.[4] Speer's third point asserts that the trial court failed to rule on his contempt motion as required under section 509.370.

 On review of a custody modification case, the appellate court will affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law.[5] In the context of this custody action, which predicates the determination of support, while the trial court's determination is afforded greater deference than other types of cases, there must still be credible evidence to support the custody award.[6] "[B]ecause the parties had not agreed to [the] custodial arrangement, the trial court was required to include in its judgment a *written finding* based on the public policy in section 452.375.4 and the factors listed in section 452.375.2(1) to (8) detailing the specific relevant factors that made the chosen arrangement in the best interest of the [child]."[7] The trial court's judgment is

---

1. The original order was modified in 1999 increasing Speer's support obligation, and although it maintained the award of joint physical and legal custody, it also designated Colon as being the primary physical custodian.

2. The juvenile office of Jasper County dismissed its separate action pending on the abuse charges based on a psychologist's recommendation that J.A.S. be returned to Colon.

3. "Joint physical custody" was deleted, and Speer's previous option of having the child during Mother's working hours was omitted. Additionally, Speer's child support obligation was increased.

4. All statutory references are to RSMo 2000 unless otherwise noted.

5. *Kubley v. Brooks*, 141 S.W.3d 21, 25 (Mo. banc 2004); *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 397 (Mo. banc 2001).

6. *Spradling v. Spradling*, 959 S.W.2d 908, 911 (Mo.App.1998).

7. *Cunningham v. Cunningham*, 143 S.W.3d 647, 650 (Mo.App.2004); section 452.357.6. Had this action been brought by a person who was solely seeking visitation rights, or seeking modification of visitation rights, as opposed to an action seeking to modify custody, then the applicable statute would be section 452.400 and the trial court would only be required to make a finding as to why the ordered visitation would serve the best interests of the child.

not in compliance with section 452.375.6, because it failed to make the required written findings detailing the specific relevant factors that supported its judgment.[8] Section 452.375.6 does not mandate the need for a written finding on all of the factors listed, but the relevant factors must be detailed.[9]

## IV.

The judgment is reversed, and the cause is remanded. On remand the trial court shall make the required written findings in compliance with section 452.375.6, and take whatever other action is appropriate.[10] The court shall also enter its custody finding in conformity with section 452.375.1 because Missouri's statutory scheme does not allow for an order granting "primary physical custody." [11]

All concur.

---

8. *Id.; Gross v. Helm,* 98 S.W.3d 85, 88 (Mo. App.2003); *Morse v. Morse,* 80 S.W.3d 898, 903–904 (Mo.App.2002); *Sleater v. Sleater,* 42 S.W.3d 821, 823–24 (Mo.App.2001).

9. It should be noted that a change in Rule 78.07(c), effective January 1, 2005, requires that, "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review."

10. On remand the parties will have the opportunity to revisit the motion for the contempt order, and; consequently, this Court need not reach that issue at this time.

11. Section 452.375.1. As used in this chapter, unless the context clearly indicates otherwise; (1) "Custody", means joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof.