**Austin Michael WEISS, by his next friend, Kevin Joseph WEISS, and Kevin Joseph Weiss, Individually, Respondents,**

v.

**Sarah Marie CRITES, Appellant.**

**No. ED 85021.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 2005.

Gordon Rolla Upchurch, Philip E. Adams, Union, MO, for appellant.

Prudence Fink Johnson, Union, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

In this action for declaration of paternity and custody of a minor child, the mother, Sarah Crites, appeals from the trial court's judgment awarding primary physical custody of the parties' minor child to the father, Kevin Weiss. Because the trial court's judgment does not include the required written finding detailing the specific relevant factors that made the court's chosen custody arrangement in the best interest of the child, we reverse and remand.

*Factual Background*

The history of this litigation need not be recounted in detail. The child, Austin Weiss, was born out of wedlock to Sarah Crites and Kevin Weiss. The parties resided together until Austin was almost three years old. At that time, the mother informed father that she was involved in a lesbian relationship and that she preferred that relationship to a relationship with the father. Father moved out of the parties' home and into his parents' home. Austin remained with his mother. Father then filed a petition for declaration of paternity and an order of child custody, visitation, and support. Father requested that he and the mother have joint legal custody of the parties' minor child, that he obtain primary physical custody of the child, and that the mother receive visitation rights. The mother, on the other hand, requested full legal and primary physical custody of the child, with the father receiving limited supervised visitation rights during the day on weekends.

The case was tried, and the trial court entered judgment, on May 6, 2004, declaring Kevin Weiss to be the biological father of the child, Austin Weiss.[1] The trial court awarded the parties joint legal custody of the child, with primary physical custody of the child awarded to the father. The court adopted the father's parenting plan, with one modification. The mother now appeals.

*Standard of Review*

■ On appeal from a court-tried case, we will sustain the trial court's judgment and custody determination unless there is no substantial evidence to support the decision, the judgment is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30,32 (Mo. banc 1976); *Besancenez v. Rogers,* 100 S.W.3d 118, 122 (Mo.App. E.D.2003).

*Discussion*

■ The mother alleges the trial court erred in transferring physical custody of the child from her to the father because the court's judgment is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares and applies the law. The mother contends the trial court made its custody decision solely and silently based on her sexual orientation without evidence that harm had or would result to the child.

■ We do not reach the mother's specific contention, however, as the trial court did not make the required written finding detailing the specific relevant factors that supported its custody determination. Because the parties in this case had not agreed to the custodial arrangement re-

1. The parties do not dispute that Kevin Weiss is the natural father of Austin, and the moth-

er, on appeal, does not challenge the trial court's finding of paternity.

garding their minor child, the trial court was required to include in its judgment a written finding based on the public policy in section 452.375.4, RSMo.2000,[2] and the factors listed in section 452.375.2(1) to (8) detailing the specific relevant factors that made the chosen arrangement in the best interest of the child. Section 452.375.6; *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005); *Cunningham v. Cunningham*, 143 S.W.3d 647, 650 (Mo.App. E.D.2004). The trial court did not include this required finding in its judgment. Thus, the court's judgment is not in compliance with section 452.375.6. *Speer*, 155 S.W.3d at 62. Section 452.375.6 does not mandate written findings on all of the factors listed, but the relevant factors must be detailed. *Id.*

That part of the judgment declaring Kevin Weiss to be the biological father of the child, Austin Weiss, is affirmed. In all other respects, the judgment is reversed and the cause is remanded. On remand the trial court may, in its discretion, take further evidence and shall make the required findings in compliance with section 452.375.6. The trial court shall also enter its custody finding in conformity with section 452.375.1 because Missouri's statutory scheme does not allow for an order granting "primary physical custody."[3] *Id.*[4]

GLENN A. NORTON, C.J., and BOOKER T. SHAW, J., concur.

---

2. All statutory references are to RSMo.2000.

3. Section 452.375.1 provides that "[a]s used in this chapter, unless the context clearly indicates otherwise: (1) 'Custody', means joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof."

---

4. The mother also raises two other points on appeal, both alleging error in the trial court's denial of her post-trial motions requesting a new trial, or, in the alternative, to set aside the judgment. Because consideration of our remand allows for the possibility of further evidence and the certainty of a new judgment, consideration of these points would be premature.