### In re the MARRIAGE OF Sarah SWALLOWS and Jeremy Ryan Swallows.

**Sarah Swallows, Petitioner–Appellant,**

**v.**

**Jeremy Ryan Swallows, Respondent–Respondent.**

**No. 26268.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 3, 2005.

Daniel R. Schramm, Chesterfield, for appellant.

Jasper. N. Edmundson, Jr., Amy E. Bonifield, Poplar Bluff, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Sarah Swallows ("Mother") appeals from a judgment modifying an earlier decree that dissolved her marriage to Jeremy Ryan Swallows ("Father") and awarded them joint legal custody of their daughter H.G.S. ("the child"). We reverse the judgment because of the lack of statutorily required findings.

In the dissolution decree, entered on August 21, 2002, the court awarded the parties joint legal custody of the child, born January 3, 2002, with Mother to have primary physical custody, and Father to have specific visitation.[1] Father was allowed supervised visitation with the child each Sunday until her first birthday, thereafter he was allowed supervised visits on alternating weekends and holidays until the child reached the age of eighteen months. After the child reached eighteen months of age, Father's periods of visitation were to be unsupervised with the same visitation schedule. Father was also given one week of visitation during the summer months after the child reached the age of two years.

On May 15, 2003, Father filed a motion to modify, alleging that there was a substantial change in circumstances in that Mother had refused him visitation with the child on multiple occasions; that Mother had refused to promote a relationship between him and the child; and that he is capable of providing a suitable and proper home for the child. After trial of the issues, the trial court entered the judgment on April 6, 2004, from which this appeal flows. It awarded Father temporary custody of the child for the first two weeks of each month every summer, temporary custody of the child every other

---

1. "We note that 'primary physical custody' is not among the four types of custody dispositions recognized by § 452.375.5, which are: (1) joint physical custody; (2) sole physical custody; (3) third-party custody; and (4) visitation. Failure to use proper nomenclature in describing the type of custody being awarded to a parent is confusing to litigants and impedes proper appellate review." *In re Marriage of Copeland,* 148 S.W.3d 327 n. 1 (Mo. App. S.D.2004). "Missouri's statutory scheme does not allow for an order granting 'primary physical custody.'" *Speer v. Colon,* 155 S.W.3d 60, 62 (Mo. banc 2005).

week from Friday at 6:00 p.m. to Wednesday at 6:00 p.m., and ordered that each party shall have visitation on alternating years for each holiday. This appeal followed.

Mother relies on three points of error in this appeal. However, as Point I necessitates a reversal and remand, we need not address the remaining issues. In Point I, Mother contends, *inter alia*, that the trial court erred in failing to address whether the modification was in the child's best interests, and in failing to make the written findings required under §§ 452.375.2 and 452.375.6 [2] detailing which of the statutory factors supported any implied conclusion that the modification was in the child's best interests.

In a custody modification case, the appellate court will affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Speer*, 155 S.W.3d at 61. In this case we hold that the trial court misapplied the law by failing to make written findings that are required in such proceedings.

The trial court made the following findings in support of its judgment modifying custody: [3]

> Now, the Court, being fully advised in the premises, finds from the evidence that there has been such continuing and substantial change of circumstances which would require modification of the judgment, to-wit: [Father] is regularly employed, has a stable and safe home environment and supervised visitation with the minor child is no longer required. The Court also finds that [Mother], who by her own admission believes that a child of this age "belongs with the mother" has, without good cause, consistently refused to promote an ongoing and continuing relationship with the minor child and [Father].[4]

Modification of a child custody decree is governed by § 452.410.1, RSMo (2000). That statute provides a two-step process that courts must follow when determining whether or not to modify an earlier custody order. *In re Marriage of Eikermann*, 48 S.W.3d 605, 608–609 (Mo.App. S.D. 2001). It provides in pertinent part:

> the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Section 452.410.1, RSMo (2000). By providing that the court "shall not" modify a

---

2. All references to statutes are to RSMo Cum. Supp. (2004) unless otherwise indicated.

3. The parties appear to implicitly agree that this was a modification of custody under § 452.410, RSMo (2000), rather than visitation under § 452.400, RSMo (2000).

4. Although the court found "continuing and substantial change of circumstances" supporting the modification, § 452.410, RSMo (2000), requires that "a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." While that statute does not specifically require a change of circumstances which is "substantial and continuing," the Supreme Court of Missouri held in *Searcy v. Seedorff*, 8 S.W.3d 113, 117 (Mo. banc 1999), that a party seeking to modify custody must establish that a "substantial 'change in circumstances of the child or his custodian' has occurred." We are constitutionally bound to follow the latest Supreme Court of Missouri decision. *State ex rel. FAG Bearings Corp. v. Perigo*, 8 S.W.3d 118, 123 (Mo.App. S.D.1999).

prior custody decree unless it "finds," among other things that the modification is necessary to serve the best interests of the child, § 452.410.1, RSMo (2000), requires that the court make such a finding. *See Puisis v. Puisis*, 90 S.W.3d 169, 173 (Mo. App. E.D.2002). No such explicit finding is contained in the judgment here.

Additionally, in the instant case, the parties did not agree to a custodial arrangement regarding the child. Where the parties have not agreed to a custodial arrangement, § 452.375.6 provides, in pertinent part:

> the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.[5]

Section 452.375.2 provides that the court shall determine custody in accordance with the best interests of the child, and in doing so shall consider all relevant factors including eight that are specifically enumerated in that section.

The Supreme Court of Missouri has held, in a case involving a modification of custody, that where the parties did not agree to a custodial arrangement, "the trial court was required to include in its judgment a *written finding* based on the public policy in section 452.375.4 and the factors listed in section 452.375.2(1) to (8) detailing the specific relevant factors that made the chosen arrangement in the best interest of the [child]." *Speer*, 155 S.W.3d at 61.[6] There, the court found that the judgment did not comply with § 452.375.6 "because it failed to make the required written findings detailing the specific relevant factors that supported its judgment." *Id.* at 62. In so holding, the court noted that § 452.375.6 does not mandate the need for a written finding on all of the factors listed, but "the relevant factors must be detailed." *Id; see also Buchanan v. Buchanan*, 167 S.W.3d 698, 702 (Mo. banc 2005). The reason for such requirement is to assure that all pertinent considerations are described by the trial court so as to allow for more meaningful appellate review. *State ex rel. State of Kansas Soc. & Rehab. Serv. v. R.L.P.*, 157 S.W.3d 268, 275 (Mo.App. S.D.2005).

Father argues that the judgment in this case met the statutory requirements, even if it did not contain the explicit findings mentioned above, because its contents reflect that the trial court considered relevant factors that correspond to those enumerated in § 452.375.2(2), (3) and (4). In support, he cites *Stevens v. Stevens*, 977 S.W.2d 305 (Mo.App. W.D.1998), in which the trial court's judgment did not contain a specific reference to the factors listed in

5. Section 452.375.4 declares the public policy of Missouri to be that it is in the best interest of the child to have frequent, continuing and meaningful contact with both parents after they have separated or dissolved their marriage, and to encourage parents to participate in decisions affecting the health, education and welfare of their children. In order to effectuate those policies, that section provides that the court "shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child."

6. The supreme court also noted that effective January 1, 2005, Rule 78.07(c) was amended to require that, "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." *Id.* at 62 n. 9. This judgment was entered prior to that amendment.

§ 452.375.2 and in fact made no findings bearing on custody. There, the appellate court affirmed the judgment, saying that the record contained evidence that would support findings under § 452.375.2(6) and (8). *Id.* at 308–309. *Stevens,* however, involved a judgment entered before the amendment of § 452.375 to include subsection 6. It was also decided prior to *Speer* and *Buchanan,* both of which make it clear that § 452.375.6 requires written findings detailing the specific relevant factors that made the chosen arrangement in the best interests of the child. Here, the trial court made no finding that the judgment entered as to custody was in the child's best interests. Likewise, it failed to detail the specific relevant factors that it concluded would make this arrangement in her best interests. For those reasons, we must reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.

In doing so, we note that Mother also contends that the trial court misapplied the law in finding a requisite change of circumstances justifying the modification under § 452.410, RSMo (2000), in that it relied primarily on findings that Father, the non-custodial parent, was regularly employed, had a stable and safe home environment and no longer required supervised visitations. She points out that § 452.410.1, RSMo (2000), provides that a party seeking modification must show that a "change has occurred in the circumstances of the *child or his custodian.*" She also cites cases such as *Searcy,* 8 S.W.3d at 117, and *Eikermann,* 48 S.W.3d at 609, for the proposition that while the status of the non-custodial parent is rele-

vant in determining whether modifications would be in the best interests of the child, it is irrelevant to the issue of whether there has been a requisite change in circumstances of the child or his custodian as required by § 452.410.1, RSMo (2000).[7] Here, however, Father and Mother had been awarded joint legal custody in the original proceeding. As such, they were custodians under § 452.410.1, RSMo (2000). *See Jantz v. Brewer,* 30 S.W.3d 915, 918 (Mo.App. S.D.2000); *Nichols v. Ralston,* 929 S.W.2d 302, 305 (Mo.App. S.D.1996); *Clark v. Clark,* 805 S.W.2d 290, 294 (Mo.App. E.D.1991).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

BATES, C.J., and RAHMEYER, J., concur.

---

7. We are unable to conclude that the requirement of detailed findings about the specific relevant factors that make a chosen custody arrangement in the best interests of the child is fulfilled by merely making a finding relating to evidence that would be relevant to that inquiry. This is especially true when the finding is made in the context of a change of circumstances, the first prong of the inquiry for modification under § 452.410.1, RSMo (2000).