**W.T.L., a minor, by and through his Next Friend, Donald E. LASATER, Petitioner/Respondent,**

v.

**Heather FRAZIER, Respondent/Appellant.**

**No. ED 85776.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 8, 2005.

Carl D. Kraft, St. Louis, MO, for Appellant.

Richard B. Dempsey, Washington, MO, for Respondent.

MARY K. HOFF, Presiding Judge.

Heather Frazier (Mother) appeals from the trial court's judgment establishing Donald E. Lasater (Father) as the biological father of W.T.L. (Son),[1] awarding joint legal custody of Son to both Mother and Father, awarding sole physical custody to Father subject to periods of temporary custody and visitation with Mother, and ordering Mother to pay Father child support. Because the trial court's judgment lacks the written findings of fact required by Section 452.375.6 [2] detailing the relevant factors that make the trial court's custody arrangement in Son's best interest, we reverse the judgment and remand the case for further proceedings.

*Facts*

Mother and Father were involved in a relationship when Mother became pregnant with Son. Mother and Father lived together in Mother's apartment during part of Mother's pregnancy, but Father moved out prior to Son's birth. Son was born November 25, 2003. On the day of Son's birth, Father resumed living with Mother in her apartment.

On December 19, 2003, while Mother was at work, Father left with Son and moved out of Mother's apartment. Father told Mother that he was taking Son to visit his grandmother and that Father would bring Son back to Mother within two or three days. Father did not return Son to Mother.

On December 22, 2003, Father filed a petition seeking a declaration of paternity and an order of child custody and support. Father requested that the trial court award him "sole legal custody and primary physical custody" of Son. On January 21, 2004, Mother filed her answer and cross-petition seeking a judgment of paternity and an order of child custody. Mother requested the trial court award her "primary legal and physical custody" of Son and award Father reasonable rights of visitation.

On June 29, 2004, the parties' petitions came before the trial court. Neither party requested findings of fact. The trial court

---

1. Neither Father nor Mother disputes or challenges the trial court's finding of paternity.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

heard and received evidence, took the case under advisement, and asked each party to file a proposed judgment, a parenting plan, and a Form 14. Shortly thereafter, Father filed his proposed judgment, parenting plan, and Form 14, but Mother did not. On July 7, 2004, the trial court entered its judgment incorporating Father's proposed judgment and parenting plan. The judgment did not contain written findings of fact, pursuant to Section 452.375.6, detailing the specific relevant factors that made the chosen custodial arrangement in Son's best interests.

■ On July 9, 2004, Mother requested additional time to file her proposed judgment. On July 19, 2004, within thirty days of the trial court's entry of judgment, the trial court vacated its earlier judgment and allowed Mother additional time to file her proposed judgment. However, on December 30, 2004, the trial court re-entered its earlier judgment, which did not include the statutorily-required findings. This appeal follows.[3]

### Standard of Review

In an appeal from a court-tried case, we will sustain the trial court's judgment and custody determination unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Weiss v. Crites*, 169 S.W.3d 888, 889 (Mo.App. E.D.2005); *In re Marriage of Swallows*, 172 S.W.3d 912, 913 (Mo.App. S.D.).

### Discussion

■ Mother presents three points on appeal. However, in light of our disposition of the case, we need address only her first point in which she argues the trial court erred because it did not make the statutorily-required written findings, pursuant to Section 452.375.6, detailing the specific relevant factors that made its custody arrangement in Son's best interests.

■ Where the parents do not agree to a custodial arrangement for their child, the trial court must include in its judgment written findings based on the public policy in Section 452.375.4 and the specific relevant factors listed in Section 452.375.2(1) through (8) that support the trial court's determination that its custody arrangement is in the child's best interest. Section 452.375.6; *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005); *Weiss*, 169 S.W.3d at 890; *In re Marriage of Swallows*, 172 S.W.3d at 914. Although Section 452.375.6 does not require the trial court to make written findings on all of the factors listed, the trial court must make written findings on the relevant factors. *Speer*, 155 S.W.3d at 62; *Weiss*, 169 S.W.3d at 890.

In this case, Father and Mother did not agree to a custodial arrangement for Son, and the trial court did not include in its judgment the statutorily-required findings on the relevant factors that made the chosen custody arrangement to be in Son's best interests. Thus, we hold that the trial court's judgment is not in compliance with Section 452.375.6. *Speer*, 155 S.W.3d at 62; *Weiss*, 169 S.W.3d at 890.

---

**3.** Effective January 1, 2005, Rule 78.07(c) was amended to require that, "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c); *Speer v. Colon*, 155 S.W.3d 60, 61 n.

9 (Mo. banc 2005); *In re Marriage of Swallows*, 172 S.W.3d 912, 914 (Mo.App. S.D.). However, Mother was not required to file a motion to amend the judgment in this case because the judgment was entered prior to the rule's amendment. *In re Marriage of Swallows*, 172 S.W.3d 912, 914.

*Conclusion*

Because the parties do not dispute the trial court's finding of paternity, that part of the judgment declaring Father to be the biological father of Son is affirmed. In all other respects, the judgment is reversed and the case is remanded. On remand, the trial court may, in its discretion, allow additional evidence to be presented and shall make the required written findings in compliance with Section 452.375.6.

CLIFFORD H. AHRENS and PATRICIA L. COHEN, Judges, Concur.