**Kelvin Dale WALKER, Petitioner–Appellant,**

v.

**Elizabeth Ashley WALKER, Respondent–Respondent.**

**No. 26559.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 28, 2006.

J. Michael Riehn, Law Offices of J. Michael Riehn, Cassville, for Appellant.

No appearance for Respondent.

PHILLIP R. GARRISON, Judge.

Kelvin Dale Walker ("Father") appeals the trial court's judgment denying his motion to modify custody regarding his three minor children, contending that substantial and significant changes of circumstances had occurred, that modification was in the children's best interest, and that the trial court failed to make specific factual findings. We affirm.

On December 28, 2001, the marriage between Husband and Elizabeth Ashley Walker ("Mother") was dissolved and they were granted joint legal custody of their three minor children, K.W., born July 25, 1989, L.W., born June 16, 1993, and K.D.W., born May 19, 1995. Mother was granted primary physical custody with Father receiving specific periods of custody, including one weekend per month during the school year, holiday visitation and the entire summer vacation when the children were out of school.[1]

On June 10, 2002, Father filed a "Motion for Family Access Order" stating that Mother had denied him visitation and telephone contact with the minor children from January 1, 2002, through June 10, 2002. Following a hearing on Father's motion, the court found that Mother had violated the judgment by denying Father specific visitation and telephone contact. The court ordered that the children be in the custody of Father from July 16, 2002, until August 17, 2002, at which time he was to return the children to Mother.

On May 27, 2004, Father filed a motion to modify the dissolution decree, and a motion for emergency relief and temporary custody of the three minor children alleging that substantial changes of circumstances had occurred with the minor children in that K.W. had been taken into juvenile custody in Prairie County, Arkansas, and Father had not been notified of this action. He sought legal and physical custody of all three minor children with Mother to have reasonable visitation.

A hearing was held on the motion for emergency relief and temporary custody. The court entered a temporary order affirming the visitation schedule ordered in the dissolution decree and directed that Mother's summer visitation be exercised only in the State of Missouri. Father was awarded temporary custody of K.W. upon his release from the juvenile authorities in Prairie County, Arkansas.

On Mother's motion, a guardian ad litem, Amy L. Boxx ("Boxx"), was appointed and a hearing was held on Father's motion to modify. In its judgment the court found that Father had failed to establish a substantial and significant change of circumstances, or that the best interests of the children required modification of the prior custody order. The trial court

1. At the time the dissolution petition was filed, Mother and the three minor children resided in Des Arc, Arkansas.

denied Father's motion to modify and ordered that the court's dissolution judgment, with regard to custody and visitation, remain in full force and effect. This appeal followed.

■ Appellate courts will affirm the trial court's judgment in custody modification cases if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *In re Marriage of Swallows*, 172 S.W.3d 912, 914 (Mo.App. S.D. 2005). "We accord a trial court's judgment greater deference in custody decisions than in other cases." *In re Marriage of Pobst*, 957 S.W.2d 769, 771 (Mo. App. S.D.1997). We also defer to the trial court's determinations as to the credibility of the witnesses. *Spradling v. Spradling*, 959 S.W.2d 908, 910 (Mo.App. S.D.1998). We may only find that the trial court's judgment was against the weight of the evidence, as Father urges here, if we are left with "a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[2]

In Point I, Father contends that the trial court erred in denying his motion because there was substantial and competent evidence of a change in the circumstances of Mother and/or the minor children, and that modification of custody was in the best interests of the children. He alleges that a substantial change in circumstances had occurred in that 1) minor child K.W. was taken into juvenile custody without Mother informing Father; 2) Mother did not abide by the joint custody plan, in that she interfered with his visitation rights; 3) Mother did not notify Father of the children's health, education and

welfare; 4) Mother's home environment was not suitable for the children; and 5) Mother did not properly supervise the children, *e.g.* K.W. was allowed to consume alcohol while in her custody.

■ At the outset we note that Father fails to direct us to any case that holds that a trial court erred in denying a modification motion under these, or similar circumstances. Child custody modification is governed by Section 452.410.1.[3] This statute requires that the trial court "shall *not*" modify an existing custody arrangement unless it finds a change in circumstances of the minor children or the custodian and that such a modification is in the best interests of the minor children. Section 452.410.1 (emphasis added). The burden is on the moving party to prove a substantial change has occurred and that a modification of custody is in the best interests of the minor children. *McCreary v. McCreary*, 954 S.W.2d 433, 439 (Mo.App. W.D.1997). A change in circumstances must be significant before a custody decree can be modified. *McCubbin v. Taylor*, 5 S.W.3d 202, 207 (Mo.App. W.D.1999). An evidentiary basis to support a finding of changed circumstances must be present in order for the trial court to have jurisdiction to consider making a change in custody. *Id.* When a trial court does not find a substantial change of circumstances, it never reaches the best interests issue. *Wood v. Wood*, 94 S.W.3d 397, 405 (Mo. App. W.D.2003).

In this case the trial court found that Father did not meet this burden stating in pertinent part:

The credible evidence shows that certain changes have occurred since the

---

**2.** *Murphy*, interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2004).

**3.** All references to statutes are to RSMo (2000) unless otherwise indicated.

original Dissolution Judgment. For example, both [Father] and [Mother] have violated the terms of that judgment by cohabiting with unrelated adults of the opposite sex while the minor children have been in their custody. However, the Court finds that none of these changes meet the statutory requirement of a substantial or significant change of circumstances, which would mandate a modification of the Court's prior judgment regarding custody and visitation. Both parties continue to contribute to the numerous difficulties surrounding their relationship and their visitation with the minor children. It is also obvious from the testimony and demeanor of the parties that the acrimony which has characterized their past relationship continues to exist. This fact not only prevents the establishment of a positive and productive relationship between the parties, but it adversely affects the best interests of the minor children. There was no credible evidence that a change in custody would eliminate the animosity between the parties.

The trial court also found:

Having carefully considered the pleadings, evidence and proof adduced, including the report of the GAL [guardian ad litem], the suggestions of the parties and the Court's determination as to the credibility of the witnesses, the Court enters the following findings and judgment. The Court has accepted some of the witnesses' testimony and evidence as credible and has rejected other parts of that testimony and evidence as not credible. The findings and judgment entered by the Court are consistent with the Court's determination as to credibility.

In light of our standard of review in child custody cases, we must defer to the trial court's judgment as to the credibility of the witnesses. *Spradling v. Spradling,* 959 S.W.2d 908, 910 (Mo.App. S.D.1998). It is in the best position to observe their demeanor and gauge their truthfulness. *See Tilley v. Tilley,* 968 S.W.2d 208, 211 (Mo.App. S.D.1998). This principle, coupled with the greater amount of deference we are to pay to the trial court in child custody proceedings, weighs heavily against finding that the trial court's judgment was against the weight of the evidence. *See In re Marriage of Pobst,* 957 S.W.2d at 772.

Essentially, in this case Father is arguing that the trial court's factual findings were erroneous. However, in rejecting Father's assertions that a substantial change has occurred, the trial court obviously found Mother's evidence more credible. *See Tilley,* 968 S.W.2d at 211. We will not replace the trial court's view of the facts with that of our own unless we are left with a firm belief that the judgment was wrong. *Murphy,* 536 S.W.2d at 32. We harbor no such belief here.

■ The record supports the trial court's denial of Father's motion. Father relies heavily upon the fact that K.W. was taken into juvenile custody for underage drinking. However, the trial court found there to be ample evidence that Mother and Father have equally contributed to the problems surrounding K.W. through their acrimonious relationship. Regardless, Father directs us to no case which holds that one incident involving one of multiple children is a substantial change of circumstances as to all of the children. The trial court also found that both parties contributed to the difficulties surrounding their relationship and that it was those difficulties that were responsible for each party's interference with the other's visitation rights. As such, we do not find that the trial court's judgment was against the

weight of the evidence. Accordingly, Point I is denied.

In Point II, Father argues that the trial court erred in failing to make the required written findings as to the factors in Section 452.375.2(1) to (8).[4]

Ordinarily when, as is the case here, the parties do not agree as to custody, Section 452.375.6 requires that the trial court:

> [S]hall include a written finding ... based on the public policy in subsection 4 of [452.375][5] and each of the factors listed in subdivisions (1) to (8) of [452.375.2][6] detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

This applies to custody modifications as well as initial determinations of custody. *Wood v. Wood*, 94 S.W.3d 397, 406 (Mo. App. W.D.2003); *see Speer*, 155 S.W.3d at 61.

However, child custody modifications are also governed by Section 452.410.1, which provides "a two-step process that courts must follow when determining whether or not to modify an earlier custody order." *In re Marriage of Swallows*, 172 S.W.3d at 914. Section 452.410.1 provides in pertinent part:

> [T]he court shall not modify a prior custody decree unless ... it finds ... that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

A party seeking to modify a custody order "must first establish that a substantial 'change in circumstances'" has occurred. *L.T.C. ex rel. Collins v. Reed*, 168 S.W.3d

---

4. We note that Rule 78.07(c) as amended effective January 1, 2005, now requires that, "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." *Speer v. Colon*, 155 S.W.3d 60, 62 n. 9 (Mo. banc 2005). That rule, however, is not applicable here because this judgment was entered on September 9, 2004, and thus, prior to its effective date.

5. Section 452.375.4 provides:

> The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both par-

ents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child.

6. Section 452.375.2's factors are:

> (1)The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;
> (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;
> (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;
> (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;
> (5) The child's adjustment to the child's home, school, and community;
> (6) The mental and physical health of all individuals involved....
> (7)The intention of either parent to relocate the principal residence of the child; and
> (8) The wishes of a child as to the child's custodian.

142, 146 (Mo.App. S.D.2005) (quoting *Searcy v. Seedorff,* 8 S.W.3d 113, 117 (Mo. banc 1999)). A trial court must find such a change has occurred *before* reaching the best interests issue. *Id.* at 147; *see also Wood,* 94 S.W.3d at 405.

 While Father is correct that the written findings requirement of Section 452.375.6 applies to child custody modification proceedings, it only applies to the best interests prong of Section 452.410.1. *Wood,* 94 S.W.3d at 406. As noted above, in this case the trial court denied Father's modification motion without reaching the best interest issue, finding that no substantial change in circumstances had occurred. When a moving party has failed to establish a substantial change of circumstances, the trial court does not even consider whether a change in custody would have been in the best interests of the child. It would make little sense to hold that the trial court must make written findings as to an issue it is not required to consider. Therefore, written findings as to the best interests prong are not required unless the trial court first finds movant has established a substantial change of circumstances of the children or their custodian. *Id.* Accordingly, Point II is denied.

The judgment is affirmed.

BATES, C.J., and SHRUM, P.J., concur.