**In the Interest of Alexus Jean HOLLAND, a minor child by Thomas Jason Holland, next friend,**

**Thomas Jason Holland, Petitioner–Respondent,**

v.

**Jenny Karleen Crow, Respondent–Appellant.**

**Thomas Jackson Holland and Alice Faye Holland, Intervenors–Respondents.**

**No. 27546.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 19, 2006.

Robert John Foulke, Cassville, for Appellant.

Randy J. Reichard, Springfield, for Respondents Thomas Jackson & Alice Holland.

Thomas Jason Holland, Pierce City, Respondent Acting pro se.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Jenny Karleen Crow ("Mother") appeals from a modification of a custody order. We affirm.

On February 21, 2003, a paternity judgment was entered designating the custodial rights and obligations of Mother, Thomas Jason Holland ("Father") and Thomas Jackson Holland and Alice Faye Holland ("Grandparents"), as intervenors, to a minor child. Mother and Father were awarded the joint legal and physical custody of the child; however, the home of Grandparents was designated as the minor child's physical residence. Father subsequently filed a motion to modify the previous child custody and visitation order and requested sole legal and physical custody. Mother filed a counter-motion to modify seeking joint legal custody with primary physical custody subject to reasonable visitation for Father. As prior intervenors, Grandparents filed answers to the two motions and requested that both motions be dismissed, but did not file a pleading requesting affirmative relief. Father dismissed his motion on the date of the hearing. The trial court entered a judgment of modification and a new Parenting Plan awarding Grandparents "sole physical and sole legal custody" of the minor child. Mother and Father were awarded reasonable visitation.[1]

Mother brings one point on appeal; however, discerning the issue in the point is difficult.[2] The point is as follows:

> This Court should reverse the trial court decision because it modified the parties joint legal and joint physical custody to sole legal with sole physical custody to Inte[r]venors and its modification of the custodial period of [Mother] was manifestly erroneous, was not supported by evidence, was against the weight of substantial evidence, and the welfare of the child requires a different result; because the trial court abused its discretion in not considering nor making any specific findings as to the relevant factors of section 452.375.2 RSMo and 452.410 RSMo, it failed to determine the best interest of the minor child as required by 452.375.6 RSMo; because the trial court abused its discretion in not considering nor making any findings with reference to the public policy of the State of Missouri declared in section 452.375.4 RSMo as required by section 452.375.6 RSMo, because the trial court abused its discretion and was arbitrary in its reduction of custody by [Mother] absent any specific findings as required by section 452.400.2 RSMo, because the trial court abused its discretion in not considering the alienation of a relationship between [Mother] and the minor child caused by [Father] and [Grandparents] and failing to making [sic] specific findings as to how the visitation arrangements made by the court serve the welfare of the child as required by section 452.400.1 RSMo.

---

1. The trial court stated in its Parenting Plan that no visitation schedule was set for Father as he resided with Grandparents; however, Father moved out of his parents' home around March or April 2005 and bought a home about five miles down the road from where his parents live. Father does not appeal.

2. Grandparents filed a motion to dismiss the appeal for a failure to comply with Rule 84.04. For the reasons set forth herein, we decline to dismiss the appeal.

■ Initially, we note that the first phrase challenges the modification as "manifestly erroneous, not supported by evidence, against the weight of the evidence." Mother then asserts throughout her Point Relied On that the trial court abused its discretion. The correct standard to challenge a trial court's decision in a child custody modification is whether the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005).

■ Further, we are hampered in discerning the point because Mother's point fails to cite any facts to support an allegation that the trial court's decision was manifestly erroneous, not supported by the evidence, against the weight of the evidence or an abuse of discretion. Rule 84.04(d)(1) requires that in addition to stating the challenged decision of the trial court and the legal basis for claiming reversible error, each point relied on must state facts that demonstrate how, in the context of the case, the trial court erred. Rule 84.04(d)(1).[3] It is not sufficient to merely set out in the point what the alleged errors are without stating why the ruling is erroneous. *Cook v. State*, 193 S.W.3d 378, 382 (Mo.App. S.D.2006).

Mother's argument is similarly deficient. After giving the standard of review in custody cases, Mother simply states each of the statutes which set forth what a trial court is to consider in creating a custody arrangement that is in the best interest of the children involved. She then argues the trial court failed to include any findings of fact in its judgment and cites to *Speer* for the proposition that findings are mandatory and the judgment should be reversed for a failure to make mandatory findings. Mother concludes by stating that even if the findings were not necessary, the decision should be reversed because it was not supported by substantial evidence, was against the weight of the evidence and the welfare of the child requires a different result. She utterly fails to show the interaction between the principles of law and the facts of her case. *See Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App. S.D.2000) (finding that "[a]n argument [portion of appellant's brief] should show how the principles of law and the facts of the case interact."). We are not assisted in our search of the facts because Mother's Statement of Facts, aside from a procedural history, is simply a statement of her allegations against Father and Grandparents.

■ We would certainly be justified in dismissing Mother's appeal for failure to abide by Rule 84.04, as a failure to substantially comply with that rule preserves nothing for appellate review. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App. S.D. 1999). Notwithstanding, this Court may relax the rigid requirements of Rule 84.04 when the case relates to the welfare of children. *Stangeland v. Stangeland*, 33 S.W.3d 696, 703 (Mo.App. W.D.2000). In such cases, this Court may "review the issues presented on their merits, provided 'the argument is sufficient in conjunction with the points relied on to ascertain the issues being raised.'" *Id.* (quoting *Landry v. Miller*, 998 S.W.2d 837, 841 (Mo. App. W.D.1999), abrogated on other grounds by *In re McIntire*, 33 S.W.3d 565, 567 (Mo.App. W.D.2000)).

Therefore, we too will attempt to review the issue which we believe Mother is addressing in her point and argument. Mother's argument begins, "This Court should reverse the trial court's decision

---

**3.** All rule references are to Missouri Court Rules (2006), unless otherwise specified.

because it did not take into consideration the relevant statutory factors and public policy nor was it supported by substantial evidence." The actual thrust of Mother's point then, as best we can discern, is that she claims that the trial court erred in not making any specific findings as to sections 452.400.1, 452.400.2, 452.375.6, 452.375.2, 452.375.4, and 452.410.[4] We will address Mother's complaints as to each of these statutes in turn.

Mother cites section 452.400.1(4) as requiring the trial court to "make specific findings of fact to show that the visitation arrangements made by the court best protect the child or the parent or other family or household member who is the victim of domestic violence [. . .] form [sic] any further harm." Mother neglected to cite the statute in its entirety, which requires the trial court to make such findings only "if requested by a party." Section 452.400.1(4). The trial court is not required to make such findings *sua sponte*. There is nothing in the record before us to indicate that any party actually requested such findings. The first prong of Mother's argument has no merit.

Next, Mother argues that the trial court abused its discretion and was arbitrary in its reduction of custody by not making any specific findings as required by section 452.400.2. Section 452.400.2 allows modification of visitation rights if it is in the best interests of the child, however, before restricting visitation, the court must find that visitation endangers the child's physical health or impairs her emotional development. *Id.* Once again, there is absolutely no application of facts to law in Mother's argument on this point. Mother fails to show that her visitation schedule was restricted in any legal sense. It is not this Court's duty to sift through the record

to divine what precisely is being argued on appeal. *State v. Jones*, 786 S.W.2d 926, 928 (Mo.App. W.D.1990). If Mother is complaining of the decrease in parenting time she received under the new custody decree, she had the burden of showing that the change in visitation was a restriction of the visitation. "A reduction in time of a parent's scheduled visitation is not a 'restriction' of visitation rights and, therefore, does not require a finding of physical endangerment or impairment öf emotional development [under section 452.400.2]." *Quackenbush v. Hoyt*, 940 S.W.2d 938, 944 (Mo.App. S.D.1997).

Under the previous decree, Mother had visitation with her daughter every weekday from three to seven. Under the new order, she does not have this time during the week. Because Mother has not shown her visitation rights restricted, no findings were required under this section. Mother's second contention in her point fails.

Mother next challenges the lack of findings in section 452.375.6. Mother is correct in her assertion that because the parties disagreed as to a custodial arrangement for the minor child the court was required to make findings under section 452.375.6. If the parties do not agree on a custodial arrangement for the child or if the court determines the parties' agreement is not in the best interests of the child, that subsection requires that the trial court:

> [I]nclude a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed

4. All references to statutes are to RSMo 2000, unless otherwise specified.

custodial arrangement is rejected by the court, the court shall include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement. Section 452.375.6. Because the parties did not agree on a custodial arrangement for the minor child, the court was required to make the written findings under subsections four and two of section 452.375. *Id.*

Likewise, in Mother's final claim of error, she argues that the trial court erred in failing to apply the statutory provisions of section 452.410, mainly by reducing her custody without making any findings. To modify a previous custody decree the trial court must find changed circumstances based upon facts arising since the prior decree or those of which the court was not aware at the time of issuing the initial decree. Section 452.410.1. Additionally, any modification must serve the best interests of the child. *Id.*

In its judgment and decree of modification, the court's findings included recognition of its jurisdiction over the parties, an affirmation that it entered the February 21, 2003 Judgment and Decree of Paternity, and that such Judgment awarded joint legal and physical custody of the minor child to both parents with her physical residence to be that of Grandparents. The court continued:

> WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED by the Court that the Judgment and Decree of Paternity is hereby modified such that the [Grandparents], Thomas Jackson Holland and Alice Faye Holland, are awarded sole physical and sole legal custody of the minor child named above but shall keep [Father] and [Mother] advised of major health and education in-

formation concerning the child. [Grandparents'] address shall be designated as the minor child's address for mailing and educational purposes. [Father] and [Mother] are granted reasonable visitation pursuant to the Parenting Plan which is attached hereto and incorporated herein by reference as Exhibit "A[.]" Said Parenting Plan is approved by the Court and found to be fair and reasonable and not unconscionable and is found to be in the minor child's best interest. The parties and the minor child are ordered to comply with the visitation schedule set forth in the Parenting Plan.

The findings required by sections 452.375.6 and 452.410.1 are conspicuously absent from this language.

Though it initially appears Mother is correct in her assertion that the trial court erred in failing to make statutorily required findings, the holding in *Speer* was not controlled by the changes in Rule 78.07.[5] Rule 78.07 now provides, in pertinent part, "[i]n all cases, allegations of error relating to the form or language of the judgment, *including the failure to make statutorily required findings*, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c) (emphasis added).

■ Rule 78.07(c) applies to the present case because the judgment and decree of modification was entered in this case after the effective date of the changes. Thus, to preserve for appellate review the trial court's failure to make statutory findings, Mother had to file a motion to amend the judgment under Rule 78.07(c). In the event that such a motion is filed, it must "state with *particularity* the grounds

**5.** The changes to Rule 78.07(c) became effective on January 1, 2005, before *Speer* was handed down, however, because the custody

arrangement in *Speer* was modified before January 1, 2005, the new Rule 78.07(c) did not apply in that case.

therefor." Rule 55.26(a) (emphasis added). Mother filed a Motion to Set Aside Judgment and Decree of Modification, stating that she:

> [M]oves for this Court's order setting aside the Judgment entered on November 14, 2005, for a new trial on the issues or, in the alternative, for an order amending the Judgment and Decree.
>
> . . . .
>
> 2. The Court's award [of] child custody, visitation, attorney's fees and costs is not in the best interests of the minor child. Further, the custody award is against the weight of the evidence, is not supported by sufficient evidence, constitutes an abuse of discretion, and misdeclares and misapplies the applicable law.

The issue presented is whether Mother's Motion to Set Aside the Judgment and Decree of Modification properly preserves the question of the court's failure to make statutory findings for appellate review. We find that it does not.

■ Rule 78.07(c) created an important change in Missouri law regarding the preservation of error in an appeal challenging the lack of statutorily required findings. In this child custody modification case, the trial court was required to make statutory findings under section 452.375.6 because the parties did not agree on a custodial arrangement for the minor child. The failure of the court to make such findings is error; however, the claimed error is not preserved unless a motion to alter or amend the judgment is filed which specifically challenges the failure to make statutorily mandated findings. Absent such a motion, the trial court's failure to make findings under section 452.375.6 is unpreserved error in a custody modification case. Likewise, Mother's claim of error under section 452.410 is not preserved.

In this case, Mother filed a Motion to Set Aside Judgment and Decree of Modification wherein she requested, in the alternative, an order amending Judgment and Decree. Mother, however, failed to "state with particularity" the basis for her claim. Rule 55.26(a). Specifically, she did not claim that the court failed to make any required statutory findings. The sweeping language used by Mother is insufficient to preserve her claim of error regarding statutory findings. To preserve the issue on appeal, Mother was obligated to put the trial court on notice that it failed to make specific statutorily required findings. Absent such specificity, the error is not preserved for appeal.

We find a recent decision of the Western District of this Court to be in accord. In *Wilson–Trice v. Trice*, 191 S.W.3d 70 (Mo. App. W.D.2006), a modification order was entered after the new Rule 78.07(c) went into effect. *Id.* at 72. The court concluded that because the father did not file the required post-trial motion to amend the judgment under the newly enacted Rule 78.07(c), he "failed to preserve for appeal the issue that the court failed to make the required findings." *Id.*

■ We have reviewed the evidence *ex gratia* and find no error in the trial court's award of custody to Grandparents. The minor child has lived with her Grandparents since the time she was a little over one-year old. Because of their work schedules, Grandparents are able to take care of the child without the help of daycare. Grandmother stated at trial that she and her husband are willing and able to continue to provide for the minor child. At the time of trial, Mother lacked stable employment, was unmarried, and had just given birth to her second child two weeks earlier. As of November 2004, she has been serving five years probation for a felony conviction for possession of ephed-

rine. Likewise, at the time of trial, Father had been unemployed for eleven months and felony assault charges were pending against Father in Lawrence County for allegedly choking Mother. Additionally, both Mother and Father admitted to the use of illegal drugs. After a review of the record, we find that there was substantial evidence presented at trial upon which the court could find it was in the best interests of the child to award sole physical and legal custody of the minor child to Grandparents. Mother's point is denied.

The judgment is affirmed.

PARRISH, J., McGHEE, Senior J., concur.