Suzanne COLMO, Appellant,

v.

Andrew COLMO, Respondent.

No. ED 87962.

Missouri Court of Appeals, Eastern District, Division Three.

March 6, 2007.

**232**

Richard D. Klein, Clayton, MO, for appellant.

John P. Brown, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Mother, Suzanne Colmo, appeals the judgment entered by the Circuit Court of St. Louis County, which ordered her to pay for the costs of supervised visits between Father, Andrew Colmo, and the parties' minor child, Shannon Colmo, now age 12. We reverse this provision of the judgment and remand the cause for further proceedings. As to all other claims of error, we affirm the trial court's judgment.

*Factual and Procedural Background*

The trial court dissolved the parties' marriage in 1996, awarding joint legal custody of the minor child to the parents, but awarding "primary" physical custody to Mother; Father was ordered to pay child support. In 2004, Father filed a motion for family access and Mother filed a motion to modify. The parties consented to entry of an interim temporary custody order wherein the trial court noted concerns regarding Mother's attempts to alienate the child from Father, Father's ability to manage anger, and Father's use of alcohol. The interim order provided that:

> Custody, visitation, and residential time for Shannon with each parent shall be at such times as the parties shall agree. In the event that the parties cannot agree [,] Father shall continue to have supervised visitation weekly with Shannon by Barbara Krettek with Family Development Associates at Mother's expense for a minimum of three months.

The court further ordered each party to participate in parenting classes and individual therapy.

Mother ceased paying the costs of Father's supervised visits promptly after three months, although she later began paying for half the cost. Because the parties disagreed as to the interim order's meaning, the parties filed motions calling upon the trial court to construe its meaning. During the pendency of these motions, the court denied Mother's motion for a change of guardian ad litem.

In 2005, the trial court entered its judgment holding that "the meaning of 'a minimum of three months' of supervised visitation expense is unambiguous." The court

then ordered Mother to pay the costs of Father's supervised visits until such visitation is terminated by the parties' agreement or further court order. Evidence adduced at the hearing established that supervised visitation cost $60 per hour, that visits totaled three and one-half hours per week, and that the frequency and duration of the visits were steadily increasing in order to cultivate the relationship between Father and the child. At the time of the hearing, supervised visitation cost approximately $900 per month. The court also, inter alia, denied Mother's motion to dismiss, ordered Mother to pay the full guardian ad litem's fee, denied Mother's motion for change of guardian ad litem, issued protective orders concerning Father's therapy and visitation records, excluded certain testimony regarding the therapy and visitation, denied Mother's motion for contempt, and denied Mother recovery of her attorney's fees.

### Discussion

■ On appeal from a court-tried case, we will sustain the trial court's judgment unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Weiss ex rel. Weiss v. Crites*, 169 S.W.3d 888, 889 (Mo.App. E.D.2005).

■ In four of her eight points on appeal, Mother's essential claim is that the trial court erred in ordering her to pay the costs of Father's supervised visits with the minor child. The parties consented to and signed the infelicitously worded 2004 interim order. However, it is not the 2004 interim order that Mother appeals, but rather the trial court's 2005 judgment construing the interim order as unambiguously imposing upon Mother, indefinitely and without limit, the ongoing duty to pay for the costs of Father's supervised visitation. We fail

to understand how an interim order, which imposed a duty for "a minimum of three months," could possibly have settled the parties' rights beyond the term of three months. Its seems plain that the parties, who consented to the entry of the interim order, left open the question of the duty to pay beyond the initial three months. We further note that the parties denominated this agreement as "interim," which in itself would indicate it was the parties' intent to revisit the order's terms. An interim order is temporary in function. *See Margolin v. Margolin*, 796 S.W.2d 38, 47 (Mo. App.W.D.1990). Yet the trial court's 2005 judgment construed the interim order's provision, which established Mother's duty to pay for the costs of Father's supervised visitation "for a minimum of three months," as unambiguously determinative of the parties' rights beyond the term of three months. The trial court erred.

■ The trial court has broad discretion to apportion the expenses of exercising child-custody rights, and we review only for a manifest abuse of discretion. *Ronzio v. Ronzio*, 673 S.W.2d 100, 101 (Mo.App. E.D.1984)(2–1 decision). While the apportionment need not mirror the parties' relative financial circumstances, those circumstances are, nonetheless, an important consideration. *Id.* Here, however, our review of the record reveals that the trial court took no evidence as to the respective ability of the parties to pay for the supervised visitation expenses, the reasonableness of the charges, the reasonableness of the frequency or the duration of the visits, or the continuing need for supervised visits.

■ Therefore, we reverse the portion of the trial court's judgment which holds the meaning of "a minimum of three months" to be unambiguous, which orders Mother to pay for Father's supervised visits until terminated by the parties' agreement or further court order, and which

ordered Mother to reimburse Father for past visitation expenses. We remand the cause for a hearing on the merits on the reasonableness of the visitation charges and the liability for their payment. The trial court retains discretion to consider the frequency, duration, and continued necessity for supervised visits and its use of a private provider.

Mother's other points on appeal are devoid of merit.[1] We have reviewed the parties' briefs and the record on appeal and find no error. An opinion would have no precedential value. The trial court's judgment as to Mother's remaining points is affirmed. Rule 84.16(b)(5).[2]

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.

---

1. In four other points on appeal, Mother claims the trial court abused its discretion in ordering her to pay all of the guardian ad litem's fees, erred in denying her motion for change of guardian ad litem, abused its discretion in issuing protective orders, abused its discretion in excluding certain testimony, abused its discretion in denying her motion for contempt, and abused its discretion in denying her request for attorney fees.

2. All pending motions are denied.