In re the Marriage of Joshua D. NELSON, Petitioner–Appellant,

v.

Michelle J. NELSON, Respondent–Respondent.

No. SD 32534.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 16, 2013.

James R. Sharp, Springfield, MO, for Appellant.

Richard L. Schnake, Springfield, MO, for Respondent.

MARY W. SHEFFIELD, J.

Joshua D. Nelson ("Father") appeals the trial court's judgment dissolving Father's marriage to Michelle J. Nelson ("Mother"). Father argues the trial court erred in failing to make findings of fact regarding the best interests of the children born during the marriage. We agree, reverse the judgment, and remand the case with instructions for the trial court to enter appropriate findings of fact and conclusions of law.

### Standard of Review

■ This Court reviews judgments involving child custody cases the same as any other court-tried case. *See In re Marriage of Campbell*, 868 S.W.2d 148, 150 (Mo.App.S.D.1993). That is, this Court "will affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005).

### Factual and Procedural Background

Father and Mother were married and two children were born during the marriage. Mother left Father, moved to Nebraska, and took the two children with her. Father filed a petition for dissolution seeking joint custody of the children with his address designated as the children's address for mailing purposes. Mother subsequently filed an answer and counterpetition. Mother sought joint custody of the children with her address designated as the children's address for mailing purposes.

The case was tried and both Father and Mother presented evidence. The trial court subsequently entered judgment on October 12, 2012. With respect to the best interests of the children, the trial court made the following statement:

In determining the custody of the children, the [c]ourt has considered the wishes of the children's parents as to custody and the proposed parenting plan submitted by both parties; the needs of the children for a frequent, continuing and meaningful relationship with both parents and the ability and willingness

of parents to actively perform their function as mother and father for the needs of the children; the interaction and interrelationship of the children with parents, siblings, and any other person who may significantly affect the children's best interests; which parent is more likely to allow the children frequent, continuing and meaningful contact with the other parent; the children's adjustment to the children's home, school, community; the mental and physical health of all individuals involved, including any history of abuse of any individuals involved; the intention of either parent to relocate the principal residence of the children; and the wishes of [the] children as to the children's custodian.

The trial court ordered the parties would share joint legal custody and granted sole physical custody to Mother.

As required by Rule 78.07(c), Father filed a motion to set aside or amend the judgment. Among other things, Father claimed "[t]he [c]ourt did not make appropriate findings of fact and conclusions of law as required by RSMo. 452.375.6 [requiring the court to detail the specific relevant factors that made a particular arrangement in the best interest of the child]." [1] The trial court denied the motion. Father appeals.

### Discussion

■ In his sole point on appeal, Father claims the trial court misapplied the law when it failed to make findings of fact as required by Section 452.375. Father is correct.[2]

---

1. All statutory references are to RSMo Cum. Supp. (2011).

2. Mother claims Father invited the error of which he complained. Mother's argument is not well taken.

At the bottom of the judgment, the document contained a signature block preceded by the notation "APPROVED AS TO FORM[.]" Both parties' attorneys signed below that notation. Mother asserts the signature of Fa-

■ Where the parties do not agree on a custodial arrangement, the trial court must enter written findings of fact based on the relevant best interest factors from Section 452.375.2. § 452.375.6;[3] *Buchanan v. Buchanan,* 167 S.W.3d 698, 702 (Mo. banc 2005). "So long as any issue or sub-issue of custody is subject to contest between the parties and resolution by the court, written findings that include discussion of the applicable factors from section 452.375.2 are required." *Buchanan,* 167 S.W.3d at 702. In the present case, Mother and Father disagreed over whose address should be designated as the children's address for mailing purposes. Thus, a sub-issue of custody was contested, and findings on the applicable best interest factors were required. *See id.*

■ The purpose of written findings regarding the best interest factors is to allow for meaningful appellate review of the trial court's best interest determination. *Davis v. Schmidt,* 210 S.W.3d 494, 503 (Mo.App.W.D.2007). The findings must detail "the specific relevant factors that made a particular arrangement in the best interest of the child." *Id.* (quoting *Huber ex rel. Boothe v. Huber,* 174 S.W.3d 712, 716 (Mo.App. W.D.2005)). A checklist where the trial court lists the best interest factors and then indicates which party each factor favored is not sufficient to meet the statutory requirements. *Id. See also Hall v. Hall,* 336 S.W.3d 188, 193 (Mo.App.W.D.2011). Rather, the findings must include specific findings of fact and some discussion of those facts. *See Schlotman v. Costa,* 193 S.W.3d 430, 433 (Mo. App.W.D.2006).

■ Here, the trial court merely listed the statutory factors without indicating which party each factor favored or what facts in the case were relevant to those particular factors. Under these circumstances, this Court has no way of ascertaining what facts the trial court found or how the trial court weighed each factor. Consequently, there is no way of providing meaningful appellate review.

The trial court's best interest findings were insufficient. Father's sole point on appeal is granted.

### Decision

The trial court's judgment is reversed, and the case is remanded for entry of the statutorily required findings.

JEFFREY W. BATES, P.J., and GARY W. LYNCH, J., CONCURS.

---

ther's attorney on the judgment under the notation "APPROVED AS TO FORM" shows Father acquiesced in the lack of findings.

Generally speaking, "[a] party will not be heard to complain on appeal of an alleged error in which, by his [or her] own conduct at the trial, [the party] joined or acquiesced." *Howsmon v. Howsmon,* 77 S.W.3d 752, 757 (Mo.App.S.D.2002) (quoting *In re Marriage of Medlock,* 749 S.W.2d 437, 440 (Mo.App.S.D. 1988)). Here, however, whatever the parties and the trial court might have intended by including the notation and signature block on the judgment, we do not believe the signatures served the purpose Mother ascribes to them in light of the fact that Father filed a timely motion to amend the judgment in which he specifically challenged the lack of findings. Father's act of filing a motion to amend the judgment challenging the lack of findings sufficiently alerted the trial court to the issue. We will review the claim on the merits.

3. All statutory references are to RSMo Cum. Supp. (2011).