Angela Jean (Jordan) BUCKNER,
Respondent,

v.

Russell Dewayne JORDAN, Appellant.

No. 79747.

Supreme Court of Missouri,
En Banc.

Sept. 30, 1997.

John P. Lichtenegger, Jackson, for Appellant.

Angela Jean (Jordan) Buckner, Advance, for Respondent.

HOLSTEIN, Judge.

The only issues presented in this appeal relate to the correctness of the trial court's calculation of child support pursuant to Rule 88.01 and Form 14. Following opinion by the Missouri Court of Appeals, Southern District, this Court granted transfer. Mo. Const. art. V, sec. 10; Rule 83.03. The judgment of the trial court is reversed and the cause remanded.

I.

The marriage of Russell Dewayne Jordan (father) and Angela Jean (Jordan) Buckner (mother) was dissolved in 1989. The decree granted custody of the parties' three minor children to the mother and provided for child support. On April 17, 1996, the court entered a judgment and decree of modification granting primary custody of the eldest son to the father and modifying the child support obligation.

The father's primary contention is that the trial court miscalculated his support obligation by using an erroneous measure of his gross income. The father is a truck driver.

He is paid 14.5 to 15.5 cents per mile. A "per diem" of $32 per day is calculated and excluded from taxable income. The full per diem is calculated each day the father works, even for a partial day's work. The per diem is allowed by the employer without requiring the father to submit any claim or proof of actual expenses. During the first ten weeks of 1996, the employer calculated a per diem of $1,520, an average of 4.75 days per week on the road.

While on the road, the father pays for travel expenses such as meals, telephone calls, showers, and motel bills, to the extent motel costs exceed $35 per night. The father testified that he ordinarily spends more than $32 a day for travel expenses while on the road. No evidence was presented to contradict this testimony. Although the father testified as to his average weekly mileage, he presented no evidence as to the number of partial or full days spent on the road during any pay period or the number of overnight trips required during any pay period.

To calculate the father's presumptive child support obligation using Civil Procedure Form 14, the trial court determined the father's gross income by multiplying the father's average monthly mileage by the per mile rate. The trial court did not reduce the amount of the father's gross income by the amount of per diem.

After rejecting both parties' Form 14 submissions because of inaccuracies, the trial court completed its own Form 14 worksheet. The court calculated the presumed amount of child support to be $829.50 per month for the period of February 1, 1995, to February 1, 1996, and $544.29 per month thereafter. However, without explanation for its deviation from these presumed child support amounts, the court ordered a reduced amount of $700 per month for the period from February 1, 1995, to February 1, 1996, and $525 per month thereafter. From this order the father appealed.

## II.

■ The father argues that the trial court erred in determining child support by including his per diem payment as part of gross income in Civil Procedure Form 14 calculations. A determination of child support will be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. Farr v. Cloninger, 937 S.W.2d 760, 762 (Mo. App.1997).

■ Rule 88.01 establishes a presumptive amount for child support as calculated pursuant to Form 14. Deviation from the presumptive child support amount is permissible if the trial court makes "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust and inappropriate." Rule 88.01; see also sec. 452.340.8, RSMo. Supp.1996; Woolridge v. Woolridge, 915 S.W.2d 372, 377–83 (Mo.App.1996).

■ The determination of each parent's gross income is the starting point for Form 14 calculations. The term "gross income" is not defined. However, the Directions for Completion of Form 14 provide guidance as to what should be included in gross income:

Gross income includes income from any source, except as excluded below, and includes but is not limited to income from salaries, wages, overtime compensation, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, retirement benefits, workers' compensation benefits, unemployment compensation benefits, disability insurance benefits, and spousal support actually received from a person not a party to the order.

For income from rent, royalties, self-employment, proprietorship or a business or joint ownership or a partnership or closely held corporation, "gross income" is defined as gross receipts minus ordinary and necessary expenses required to produce income. The court may exclude from ordinary and necessary expenses amounts for depreciation, investment tax credits, and other noncash reductions of gross receipts. Income, expenses and retained earnings should be reviewed to determine gross income. This amount may differ from a determination of business income for tax purposes.

Income earned from a second job of a sporadic or nonrecurring nature may be included in whole or in part in appropriate circumstances.

Significant employment-related benefits received by a parent may be counted as income.

Exclude from gross income the following: aid to families with dependent children (AFDC) payments; medicaid benefits; supplemental security income (SSI) benefits; food stamps; general assistance benefits; other public assistance benefits having eligibility based on income; and child support received for other children.

From these directions it is apparent that "gross income" may include any "significant employment-related benefits." Per diem payments alleged by a parent to be expended for employment-related expenses are an employment-related benefit. If significant, those benefits may be included in gross income for the presumptive child support calculation.

■ Superficially, the result may seem inequitable where the payment to the employee constitutes reimbursement for expenses directly related to the employer's business. However, the inequity in such cases is abated by the trial court's ability to deviate from a presumptive child support amount that is unjust or inappropriate. Among the "relevant factors" specified as justifying deviations from the presumptive amount is "the financial resources and needs of the parents." Rule 88.01(b). The financial needs of a parent may include the need to expend funds included in "gross income" in order to maintain employment. Where a parent rebuts the presumptive child support amount by presenting credible evidence that a significant portion of "gross income" is spent on reasonable and necessary employment-related expenses, the trial court has discretion to deviate from the presumed child support amount after making a written or specific finding on the record that the Form 14 amounts are unjust or inappropriate.

In this case, the father does not contend that the trial court abused discretion in failing to deviate from the presumptive child support amount. Rather, he argues only that the trial court erred in including per diem payments in his gross income. ·The trial court did not err by including per diem payments allegedly used for employment-related travel expenses in gross income.

### III.

■ In his second point, the father contends the trial court erred when calculating his child support obligation because the court failed to consider an affidavit submitted by the mother reflecting an increase in her income. The record indicates the trial judge requested the mother to submit an affidavit accurately reflecting her income. The affidavit was filed on April 17, 1996, the same day the trial court entered its judgment.

The trial court found that the mother's gross income is $1,090 per month. This is the amount indicated as gross income on the mother's proposed Form 14 submitted on March 20, 1996. The mother's Form 14 clearly indicates that the $1,090 amount is based on an hourly wage of $6.29. However, the mother's April 17, 1996, affidavit states that her hourly wage as of January 1, 1996, is $7.37. Her affidavit further indicates that she was paid $3,358 for the first twelve weeks of 1996, a gross income amount equivalent to approximately $1,212 per month. Nothing in the record suggests that the trial court took into account the affidavit attesting to the mother's pay raise. Because this portion of the child support calculation is against the weight of the evidence, we reverse the judgment of the trial court with respect to child support and remand the cause for recalculation of the presumptive amount of child support.

### IV.

Because child support must be recalculated, we need not address the father's third point that the trial court erred in deviating from the Form 14 calculation without entering a written or specific finding on the record that Form 14 amounts were unjust or inappropriate.

The trial court must recalculate the presumptive child support amount using the mother's actual income. With regard to

Point II of the opinion, this is a case of first impression. Because remand is required, the father should be given the opportunity to argue that a deviation from the Form 14 calculation is appropriate due to reasonable and necessary employment-related expenses. In support of or opposition to such argument, additional evidence may be presented. The trial court's judgment with respect to child support is reversed, and the cause remanded for entry of a child support award consistent with this opinion.

All concur.