**K.L.A., Respondent,**

v.

**Jacob Dewayne ALDRIDGE, Appellant.**

**No. WD 67909.**

Missouri Court of Appeals, Western District.

Dec. 26, 2007.

---

Charles A. Harter, Fenton, MO, for appellant,

Connie J. Clark, Osage Beach, MO, For respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Jacob Aldridge appeals the circuit court's judgment determining paternity, custody, support, and visitation of his daughter, M.L.A. In this appeal, Aldridge alleges the circuit court erred by appointing a guardian ad litem and by awarding sole custody and child support to M.L.A.'s mother, K.L.A., and supervised visitation to Aldridge. Aldridge further alleges the circuit court failed to make certain prerequisite findings of fact, and, where it made findings of fact, the findings either lacked specificity or were against the weight of the evidence. We affirm.

## I. Facts

K.L.A. and Aldridge resided together as boyfriend and girlfriend. They never married. They had a child together, M.L.A., who was born September 4, 2003. After the birth of M.L.A., they moved in with K.L.A.'s mother. In January of 2004, Aldridge was asked to leave the residence and did so. He was asked to leave because of inappropriate touching of K.L.A.'s mother, as well as abusing K.L.A.'s mother

and her son. K.L.A. and Aldridge have not resided together since January 2004. K.L.A. testified to a history of verbal, physical, and mental abuse by Aldridge. It included physical abuse while she was pregnant and after M.L.A. was born. After Aldridge left the residence of K.L.A.'s mother, he commenced a pattern of harassment of K.L.A. that included constantly coming to the residence, knocking on windows, yelling, and waiting outside. K.L.A. obtained a full order of protection against Aldridge on March 26, 2004.

Aldridge continued his harassment in the same manner despite the full order of protection. Violations of the full order were reported to the police. K.L.A. testified Aldridge placed her life in danger by almost running her off the road by operating his vehicle too close to hers. M.L.A. was in K.L.A.'s vehicle at the time. A week after the vehicle incident, K.L.A. and the child relocated to Miller County, Missouri, and lived temporarily with an aunt. K.L.A. testified she relocated for the safety of herself and her daughter.

K.L.A. commenced this action pursuant to sections 210.817 to 210.852, RSMo 2000, the Uniform Parentage Act, in the circuit court. Aldridge appeals the judgment entered after the trial, which awarded sole legal and physical custody to K.L.A. and granted Aldridge supervised visitation.

## II. Standard of Review

"The judgment of the trial court shall be affirmed 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" *Melton v. Padgett*, 217 S.W.3d 911, 912 (Mo.App.2007) (quoting *Murphy v. Carron*, 536 S.W.2d

30, 32 (Mo. banc 1976)). The reviewing court defers to the circuit court's determination of credibility and views the evidence and permissible inferences in the light most favorable to the decree. *Wright ex rel. McBath v. Wright*, 129 S.W.3d 882, 884 (Mo.App.2004).

## III. Analysis
### A.[1]

■ Aldridge claims the circuit court erred by awarding him supervised visitation. He contends, pursuant to section 452.400.1, RSMo Supp.2006, any order of supervised visitation must also contain an explicit finding that unsupervised visitation would endanger the physical health or impair the emotional development of the child. Section 452.400.1(1) provides in pertinent part:

A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his or her emotional development. The court shall enter an order specifically detailing the visitation rights of the parent without physical custody rights to the child and any other children for whom such parent has custodial or visitation rights. In determining the granting of visitation rights, the court shall consider evidence of domestic violence. If the court finds that domestic violence has occurred, the court may find that granting visitation to the abusive party is in the best interests of the child.

Our Supreme Court, however, referring specifically to section 452.400, has determined that, if the circuit court does not make explicit findings, the appellate court

---

1. We divide the Analysis in the same manner as Aldridge divided his Points Relied On for clarity.

presumes that the circuit court made implicit findings in accordance with the result reached. *Mund v. Mund,* 7 S.W.3d 401, 403 (Mo. banc 1999).

The circuit court made explicit findings while explaining its award of sole legal and sole physical custody to K.L.A. and said it was doing so:

> [D]ue to the history of physical abuse ... and domestic violence including physical harm, and fear of physical harm, bodily injury or assault to petitioner and the minor child. The court finds that domestic abuse has occurred by respondent as defined by sections 452.400 RSMo and 455.200 RSMo, and respondent's parenting time with the minor child should be supervised.

It is obvious to this court that the circuit court implicitly found that unsupervised visitation would endanger the child's physical health or impair the child's emotional development. The record is replete with testimony of abuse K.L.A. suffered at the hand of Aldridge. The abuse started prior to K.L.A.'s pregnancy and continued throughout the pregnancy. After M.L.A. was born and in her presence, abuse such as grabbing, pushing and throwing things continued. An Order of Protection was entered on March 26, 2004, and was renewed on March 18, 2005.

■ We give deference to the circuit court's determination of what serves the best interest of the child with regard to visitation rights. *Shemwell v. Arni,* 223 S.W.3d 216, 218 (Mo.App.2007). The circuit court's implicit and explicit findings are amply supported by the record. The circuit court did not err in awarding Aldridge supervised visitation.

### B.

■ Aldridge next claims the circuit court erred when it failed to consider K.L.A.'s relocation as a factor in determining custody and visitation as required by section 452.377.5, RSMo 2000. How Aldridge has determined the circuit court did not consider mother's relocation in determining its custody and visitation award is a matter of curiosity. The circuit court did not enumerate all of its considerations in its judgment. The circuit court's only specific finding was of domestic violence, and the circuit court apparently ordered custody and visitation rights in a manner that best protects the child and the parent who is the victim of domestic violence from any further harm as required by section 452.375.2(6), RSMo Supp.2006. It appears to this court that the circuit court set forth its paramount factor as required by section 452.375.6. If Aldridge's complaint is that the circuit court failed to make a specific finding on how the issue of relocation of the child affected the circuit court's award of custody and visitation, it comes too late. Failure of the court to make such a finding, even if required, is not preserved for review unless a motion to alter or amend the judgment is filed which specifically challenges the failure to make statutorily mandated findings. *In the Interest of Holland,* 203 S.W.3d 295, 302 (Mo.App.2006). Here, Aldridge did file such a motion, but it did not raise this issue. The issue, therefore, is not subject to review.

### C.

Aldridge next claims the circuit court erred in appointing any guardian ad litem in this cause because child abuse was not alleged. § 210.830, RSMo 2000. Aldridge is mistaken. K.L.A.'s petition alleged as follows:

> That it would be in the best interest of the minor child if Respondent was awarded supervised visitation only with said child, as Respondent is physically abusive to Petitioner in the child's presence, attempted to run Petitioner's car

off the road with the child in the vehicle, and has admitted to the Petitioner current drug use.

These allegations are certainly sufficient to justify the circuit court's appointing a guardian ad litem.

■ Failure to appoint a guardian would have resulted in K.L.A., as court appointed next friend of the M.L.A., being the only representative of the child in these proceedings. It is difficult to imagine that Aldridge was prejudiced in any manner by the court appointed guardian ad litem's replacing K.L.A. as the child's representative in this matter. This point is without merit.

### D. & E.

Aldridge next complains the circuit court failed to make findings of fact required by sections 452.375.4, 452.375.6, and 452.375.13. Aldridge again raises this issue for the first time on appeal. Rule 78.07(c) provides:

> In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review.

The Southern District of this court explained the impact of Rule 78.07(c) as follows:

> Rule 78.07(c) created an important change in Missouri law regarding the preservation of error in an appeal challenging the lack of statutorily required findings. In this child custody modification case, the trial court was required to make statutory findings under section 452.375.6 because the parties did not agree on a custodial arrangement for the minor child. The failure of the court to make such findings is error; however, the claimed error is not preserved unless a motion to alter or amend the judgment is filed which specifically challenges the failure to make statutorily mandated findings. Absent such a motion, the trial court's failure to make findings under section 452.375.6 is unpreserved error in a custody modification case. Likewise, Mother's claim of error under section 452.410 is not preserved.

> In this case, Mother filed a Motion to Set Aside Judgment and Decree of Modification wherein she requested, in the alternative, an order amending Judgment and Decree. Mother, however, failed to "state with particularity" the basis for her claim. Rule 55.26(a). Specifically, she did not claim that the court failed to make any required statutory findings. The sweeping language used by Mother is insufficient to preserve her claim of error regarding statutory findings. To preserve the issue on appeal, Mother was obligated to put the trial court on notice that it failed to make specific statutorily required findings. Absent such specificity, the error is not preserved for appeal.

*Holland,* 203 S.W.3d at 302.

In this case, Aldridge did file a Motion for New Trial or in the Alternative Motion to Amend the Judgment. That motion did not raise any issue concerning findings required by sections 452.375.4, 452.375.6, and 452.375.13. This point is not preserved for review and will not be reviewed.

### F.

Finally, Aldridge complains the circuit court erred by not finding the Civil Procedure Form No. 14 child support calculations submitted by the parties unjust and inappropriate. The circuit court did not accept the Form No. 14 calculations originally submitted into evidence. The court

found that there was no conflict in the evidence concerning the amounts to be utilized in determining child support and directed K.L.A.'s attorney to recalculate the child support using those figures and to submit an amended Form No. 14. The circuit court held the evidence open for the limited purpose of receiving the amended Form No. 14. Upon receipt of the amended Form No. 14 from K.L.A.'s attorney, the court admitted that Form No. 14 as Exhibit 2. The court used the amount of child support from Exhibit 2 in its judgment.

■ It is unnecessary to find each of several rejected Form No. 14 child support calculation worksheets unjust and inappropriate if, as here, the circuit court adopts one such Form No. 14 as appropriate. It is only when the circuit court rebuts a "correctly calculated" Form No. 14 that it must find it unjust and inappropriate. *See* Rule 88.01(b); *Woolridge v. Woolridge,* 915 S.W.2d 372, 380 (Mo.App.1996) ("[B]efore there can be a 'rebuttal' of the presumed child support amount, the amount must, in fact, be correctly calculated."). The circuit court did not rebut the amended Form No. 14. Aldridge's contention, therefore, is without merit.

## IV. Conclusion

The circuit court's determination of supervised visitation for Aldridge was clearly supported by the record. Aldridge's allegations that the circuit court failed to make certain findings of fact were not preserved for appeal and, therefore, are not subject to review. The circuit court did not err in its appointment of a guardian ad litem or in its determination of child support.

We, therefore, affirm the circuit court's judgment.

All concur.