Shawn B. LALUMONDIERE,
Respondent,

v.

Tammy A. LALUMONDIERE,
Appellant.

No. ED 92345.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 15, 2009.

Craig D. Brewer, Perryville, MO, for Appellant.

Christina L. Kime, Piedmont, MO, for Respondent.

ROY L. RICHTER, Judge.

Tammy Lalumondiere ("Mother") appeals from a judgment entered in the Circuit Court of Ste. Genevieve County dissolving her marriage to Shawn Lalumondiere ("Father") and awarding joint legal and physical custody of their minor child. Mother challenges only those portions of the judgment that relate to child custody. We affirm as modified.

## I. BACKGROUND

Mother and Father married in April 2005 and there was one child born of the marriage in September of that year. Father filed his petition for dissolution of marriage in February 2007. Mother continued to reside with Father and the minor child in their Ste. Genevieve home until May 2007, whereupon she moved in with her sister and brother-in-law in Williamsville, Missouri. Mother has since moved to her own home in Williamsville and Fa-

ther remains in Ste. Genevieve where he lives with his girlfriend and her two children.

When Mother moved to Williamsville in May 2007, the trial court entered a temporary custody order that awarded the parties joint legal and physical custody of the minor child. Under the temporary order, Father had custody every Thursday at 6 p.m. through Sunday at 6 p.m. and Mother had the child the remainder of the time.

The trial court held a hearing on the dissolution in June 2008. Much of the testimony at trial concerned Mother's teenage son from a previous marriage who had lived in the marital home ("N.B."), and Mother's father ("Bob"). Father testified to numerous concerns regarding N.B.'s behavior, including N.B.'s acts of animal abuse and his improper sexual proclivities. Father stated that Mother's inability to control N.B. was what led him to seek a divorce.

Mother testified that Bob, her father, had sexually abused her from a very early age but that she had repressed the memories of abuse until her thirties. Because Mother did not remember the abuse, she had allowed Bob and N.B. to form a close relationship and had even allowed N.B. to live with Bob for entire summers. By the time of trial, however, Mother had remembered her abusive childhood and therefore had prohibited further contact between N.B. and Bob, as well as sought counseling services for N.B.

Father's primary concerns at trial related to his daughter's safety if she were to spend significant time with Mother. Father stated that, though N.B. was living with his father at the time of trial, Mother still had custody rights and that N.B. could move in with Mother at any time. Father was also concerned about Mother's willingness to prevent contact between Bob and their daughter. Mother maintained that N.B. was not a threat in any way, and that she would not allow contact between the minor child and her father.

Accordingly, Mother and Father presented conflicting parenting plans to the court. Mother's plan proposed that the parties share joint legal custody and that Mother have sole physical custody. Mother's plan offered that Father have visitation every other weekend from 6 p.m. on Friday through 6 p.m. on Sunday, alternating holidays, and three non-consecutive weeks during the summer.

Father submitted two separate parenting plans to the court, the first to be effective until the child entered kindergarten and the second to take effect thereafter. Both of his plans proposed joint legal and joint physical custody with the child's primary residence at Father's. His first plan proposed that Mother have custody one week per month from Friday at 6 p.m. until the following Friday at 6 p.m., on alternating holidays, and alternating weeks during the summer months. His second plan, effective after the child enters kindergarten, proposed that Mother have custody three weekends per month, Friday through Sunday, alternating holidays, and alternating weeks during the summer months.

The trial court entered its judgment of dissolution in September 2008 wherein it accepted Father's parenting plans.[1] The court stated it had considered the evidence presented in light of the factors set forth in section 452.375.2 RSMo 2000 [2] and that

1. The court made one amendment to Father's proposed parenting plans and omitted the requirement that the minor child be supervised in N.B.'s presence.

2. All further statutory references are to RSMo 2000 unless otherwise noted.

it had found Father's parenting plans to be in the child's best interests. Mother timely filed a motion for a new trial or, alternatively, to amend the judgment wherein she alleged as error, *inter alia*, the trial court's failure to comply with section 452.375 in awarding custody. The court denied Mother's motion. Mother appeals.

## II. DISCUSSION

We review this case pursuant to the standards applicable to a court-tried case. *Ratteree v. Will*, 258 S.W.3d 864, 867–8 (Mo.App. E.D.2008); *Aurich v. Aurich*, 110 S.W.3d 907, 911 (Mo.App. W.D.2003). Thus, we will affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Ratteree*, 258 S.W.3d at 868.

■ Mother's three points on appeal all challenge different aspects of the trial court's custody award. We afford the trial court greater deference in child custody issues than in other matters, and will affirm its decision under any reasonable theory. *Ratteree*, 258 S.W.3d at 868; *Bohac v. Akbani*, 29 S.W.3d 407, 411 (Mo.App. E.D.2000).

■ In her first point on appeal, Mother argues that the trial court erred in awarding the parties joint legal and physical custody because the court failed to make the required findings pursuant to section 452.375.2. We disagree.

Section 452.375 provides that, when the parties do not agree to a custodial arrangement or the court finds such arrangement to be against the child's best interests, the court must make written findings based on the public policy statement in section 452.375.4 and also the eight factors listed in section 452.375.2. Section 452.375.6; *Cunningham v. Cunningham*, 143 S.W.3d 647, 650 (Mo.App.

E.D.2004); *Rosito v. Rosito*, 268 S.W.3d 410, 415 (Mo.App. W.D.2008). The court must detail the specific and relevant factors that make a given custodial arrangement in the best interest of the child. Section 452.375.6; *Strobel v. Strobel*, 219 S.W.3d 295, 299 (Mo.App. W.D.2007). Mother argues that the trial court's findings are inadequate to satisfy these requirements.

The trial court stated in its judgment that it had considered all the evidence presented and the eight factors as set forth in section 452.375.2. In accepting Father's parenting plans, the court went on to state:

A. Mother testified and presented a Parenting Plan requesting joint legal custody and sole physical custody. Father testified and presented a Parenting Plan requesting joint legal custody and joint physical custody with the primary residence at Father's.

B. Both parents have performed their functions of Mother and Father and both are now capable of continuing to do so.

C. The Court finds that both parents are willing to allow the other frequent and meaningful contact with the other parent.

D. Both parents suggested custody exchange at Fredericktown, Walmart and the Court DOES SO ORDER, unless otherwise agreed upon by the parties.

Contrary to Mother's assertions, the trial court is not required to make a detailed finding on each factor listed in section 452.375.2. *Strobel*, 219 S.W.3d at 299. Rather, "[s]ufficient findings on the relevant factors are all that is required." *Id.*; *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005) (stating that "[s]ection 452.375.6 does not mandate the need for a written finding on all of the factors listed, but the relevant factors must be detailed").

The portions of the trial court's judgment that are quoted above indicate that the court properly made findings pursuant to multiple relevant factors of section 452.375.2. Specifically, the court discussed the wishes of the child's parents as to custody and the parties' proposed parenting plans, the ability and willingness of the parents to actively perform their functions as mother and father for the needs of the child, and which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent. *See* Section 452.375.2(1), (2), (4). Given the facts of this case and the age of the child, the aforementioned factors were the most relevant to the trial court's custody determination. *See* §§ 452.375.2(1)–(8).

Furthermore, section 452.375.4 provides that it is the public policy of this state that frequent, continuing and meaningful contact with both parents is in the best interests of the child. Father's parenting plans afford Mother substantially more custody time than does Mother's plan vis-à-vis Father. Thus, Father's plan better comports with Missouri's stated public policy regarding child custody arrangements.

Because the trial court made written findings with respect to the relevant factors contained in section 452.375.2 and established custody in accordance with Missouri's public policy, the trial court did not err in awarding the parties joint physical and legal custody. Point denied.

■ In her second point on appeal, Mother argues that the trial court erred in adopting Father's parenting plans because the custody schedules fail to comply with section 452.375.7(*l*)(d) and contain incon-

sistent terms. We disagree with Mother's argument, but amend one portion of the second parenting plan in order to "give such judgment as the [trial] court ought to give." Mo. Sup.Ct. R. 84.14.[3]

Mother argues that the first parenting plan is "vague and unenforceable" because it fails to specify which week of the month she will exercise temporary custody and also fails to address weekday custody, both in violation of section 452.310.7(1)(d). Mother raises similar objections with respect to the second parenting plan.[4]

Section 452.310.7(1)(d) requires a parenting plan to set forth a written custody schedule that details a weekday and weekend schedule. Contrary to Mother's assertions, both parenting plans comply with this requirement. The plans specifically state that "Father shall have custody of the child at all times except for the times that the other party has visitation/temporary custody as set forth herein." Mother's periods of temporary custody include · alternating holidays, certain weeks during the summer months, one week each month until the child enters kindergarten and three weekends per month thereafter. Father has custody at all other times, which necessarily include the weekdays that Mother does not exercise temporary custody. Thus, the plans specifically address weekday custody.

As to Mother's argument that the parenting plans are so vague as to be unenforceable, there is nothing in section 452.310.7(1) which requires a parenting plan to delineate the specific week or weekend of each month when a parent is to exercise temporary custody. Moreover, the parties testified at trial that they are

---

3. Contrary to Father's assertions, we believe Mother properly preserved these issues for appeal in her motion to amend the judgment. *See* Mo. Sup.Ct. R. 78.07(c).

4. Specifically, Mother argues that the second parenting plan fails to delineate which three weekends she shall exercise custody and fails to refer to weekday custody, in violation of section 452.310.7(1)(d).

capable of communicating in a business-like manner regarding issues that concern their daughter and therefore are able to work out such minor details.

The plans specify Mother's periods of temporary custody and state that Father shall have custody at all other times. They further delineate specific times and location of the custody exchange. As such, the plans comply with section 452.310.7(1) and are neither vague nor unenforceable.

Mother also argues in this point that the second parenting plan, effective after the child begins kindergarten, is inconsistent on its face because a section marked "Other" requires the parties to "alternate custody on a weekly basis exchanging each Friday at 6:00 p.m." We agree with Mother that such a provision is clearly not feasible after the child begins kindergarten, given that Mother and Father reside in different school districts.

Common sense, along with a reading of the first parenting plan, indicates that the trial court intended the "Other" provision in the second parenting plan to apply only during the summer months. The first parenting plan, effective until kindergarten begins, states that the parties "shall alternate weeks *during the summer non-school months* exchanging each Friday at 6:00 p.m." (emphasis added). The only sensible interpretation of the second parenting plan, effective when the child begins school, is that the trial court intended that the parties alternate weekly visits only during the summer months, when the child is not in school.

Missouri Supreme Court Rule 84.14 allows this Court to enter such judgment as the [trial] court ought to give. After reviewing the record and judgment in this case, we believe that "modifying the trial court's judgment will promote judicial economy as well as save time and expense for the parties and the trial court." *Schuh*

*v. Schuh,* 271 S.W.3d 35, 38 (Mo.App. E.D. 2008). As in other cases where courts have utilized this Rule, the trial court has already heard the evidence and is in a proper position to enter a correct judgment. *Jamison v. Jamison,* 828 S.W.2d 377, 379 (Mo.App. W.D.1992). Therefore, we affirm the trial court's parenting plans, except we modify the section in the second parenting plan titled "Other," located under the section titled "Visitation/Temporary Custody," to state: "[t]he parties shall alternate custody on a weekly basis *during the summer non-school months* exchanging each Friday at 6:00 p.m."

In her third point on appeal, Mother argues that the trial court erred in adopting Father's parenting plans because they are against the weight of the evidence and an abuse of discretion. We disagree.

Mother argues that the parenting plans unreasonably limit the frequency and duration of her contact with the child, and therefore are against the weight of the evidence. Specifically, Mother argues that the plans ignore the fact that she and her daughter have never been separated for more than three consecutive days, and that Mother will be able to take her daughter to work with her because she plans to reopen a daycare.

Mother's arguments on this point are not entirely unfounded. We must, however, be mindful of the standard of review that governs custody awards. We will not disturb a trial court's custody award "unless it is manifestly erroneous and the welfare of the child requires some disposition other than that made by the trial court." *In re Marriage of V.A.E.,* 873 S.W.2d 262, 266 (Mo.App. S.D.1994) (citing *Hartig v. Hartig,* 738 S.W.2d 160, 161 (Mo. App. E.D.1987)). Thus, even in cases where there is evidence that would support a joint physical custody award different

from that entered by the trial court, we will not reverse its decision absent a manifest injustice. *Marriage of V.A.E.*, 873 S.W.2d at 266.

We have carefully reviewed the transcript and record in this appeal and find that the trial court's custody award is supported by the evidence. There was ample evidence adduced at trial which could have convinced the court that the child's best interests were better-served by residing primarily with Father. That evidence namely concerned the behaviors of Mother's teenage son N.B. and her father Bob.

This Court accurately summarized our review of this point in *Hartig:*

> Following longstanding precedent, we presume that the trial court reviewed all the evidence and awarded custody in the manner it believed would be in the best interests of the children. This presumption is based upon the trial court's better position to judge not only the credibility of the witnesses and parties directly but also their sincerity, character, and other trial intangibles which might not be completely revealed by the record.

738 S.W.2d at 161. For the foregoing reasons, the trial court did not err in adopting Father's parenting plans. Point three is denied.

### III. CONCLUSION

The judgment of the trial court is affirmed as modified.

KENNETH M. ROMINES, C.J., and GLENN A. NORTON, J., concur.