**Mattox Kelley McINTOSH, b/n/f Michela Danielle Steinmeyer, Respondent,**

v.

**Justin William McINTOSH, Respondent,**

and

**Valerie Steinmeyer and Michael Steinmeyer, Appellants.**

**No. ED 99303.**

Missouri Court of Appeals, Eastern District, Southern Division.

June 11, 2013.

Alan Agathen, Clayton, MO, for appellant.

David M. Remley, Cape Girardeau, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Valerie and Michael Steinmeyer ("Grandparents") appeal from the judgment of the trial court modifying a 2009 custody order and awarding Michela Steinmeyer ("Mother") sole legal and physical custody of her daughter. Grandparents argue the trial court erred because: (1) it incorrectly used Section 452.375.5[1] to

___

1. All statutory references are to RSMo Cum. Supp.2012 unless otherwise indicated.

modify the 2009 custody order rather than Section 452.410; and (2) it incorrectly found a change in circumstances sufficient to warrant modification under Section 452.410. We affirm.

Prior to 2009, Mother had sole custody of Child following a 2006 court order establishing paternity. In 2009, Mother and Grandparents engaged in mediation and agreed it was in Child's best interest for Mother and Grandparents to have joint legal and physical custody. Under the arrangement, Grandparents had physical custody of Child on Monday through Thursday from 3:00 p.m. to 7:00 p.m. and from Friday at 3:00 p.m. until Saturday at 4:00 p.m.

Mother filed a Motion to Modify the 2009 order, alleging a change in circumstances requiring modification. Specifically, Mother had secured gainful employment and gotten married. Following a hearing, the trial court granted Mother's motion, giving her sole legal and physical custody of Child and granting Grandparents visitation rights on Monday through Thursday from 3:00 p.m. until 7:00 p.m. This appeal follows.

■ For their first point, Grandparents argue the trial court erred in using Section 452.375.5 to modify the custody order rather than Section 452.410. We disagree.

We will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We presume the trial court's order is correct and grant the trial court greater deference in child custody cases. *Alt v. Alt*, 896 S.W.2d 519, 520 (Mo.App. W.D.1995).

Modification of a child custody decree is governed by Section 452.410 which states, in relevant part, "the court shall not modi-

fy a prior custody decree unless ... it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a *change has occurred in the circumstances* of the child or his custodian and that the modification is necessary to serve the *best interests* of the child." Section 452.410 (emphasis added). Section 452.375.5, on the other hand, provides that custody may be awarded to a non-parent when both parents are found to be unfit, unsuitable, or unable to be a custodian. Section 452.375.5.

The trial court did not expressly cite to Section 452.410 in its order. It did, however, use the language of the statute in its order, stating "The court further finds that *changes in circumstances* since the entry of the most recent judgment and [Child's] *best interests* require that the custody judgment be modified." (emphasis added). While the trial court concludes that the 2009 order was contrary to the requirements of Section 452.375.5(5)(a), the court does not modify the custody order based on Section 452.375.5. Instead, the modification is due to a change in circumstances and for the best interests of the child. Because we presume the trial court's order is correct and the judgment supports such a conclusion, we consider the trial court's 452.375.5 analysis to be part of its "best interests" discussion under Section 452.410. Point denied.

■ For their second point, Grandparents argue the trial court erred in finding a substantial change in circumstances as required under Section 452.410. We disagree.

■ Pursuant to Section 452.410, modification from joint to sole custody requires a substantial change in circumstances since the original custody order, of either the child or the child's custodian, and mod-

ification must be in the best interests of the child. *Russell v. Russell* 210 S.W.3d 191, 194 (Mo. banc 2007).

"[W]e review the evidence and inferences in the light most favorable to the trial court's decision and disregard all contrary evidence and inferences." *Potts v. Potts,* 303 S.W.3d 177, 184 (Mo.App. E.D. 2010). "Judging credibility and assigning weight to evidence and testimony are matters for the trial court, which is free to believe none, part, or all of the testimony of any witnesses." *Id.* "We presume that the trial court took into account all evidence and believed such testimony and evidence that is consistent with its judgment." *Id.*

█ Because Mother and Grandparents had joint custody of Child pursuant to the 2009 order, Section 452.410 requires a substantial change in circumstances of Child, Grandparents, or Mother. *Clark v. Clark,* 805 S.W.2d 290 (Mo.App. E.D.1991).[2] In its judgment, the trial court states "[Mother] moved to modify the stipulated judgment alleging that her personal circumstances had improved with a better job with better benefits and by her marriage to a man who could provide care for the child when [Mother] works." While the trial court did not expressly find it agreed with this argument, we presume the trial court believed this testimony as it is consistent with the judgment. *Potts,* 303 S.W.3d at 184. Changes in employment and marital status are substantial changes that can support modification of a child custody order. *See, e.g., Wilson v. Wilson,* 873 S.W.2d 667, 670 (Mo.App. E.D.1994). We therefore find there was a substantial change in Mother's circumstances suffi-cient to meet the requirements of Section 452.410.

█ Next, we must address whether modification would be in the best interests of the child. We will not overturn the trial court's modification of child custody unless the appellant shows the modification is not in the best interests of the child. *Trausch–Azar v. Trausch,* 983 S.W.2d 199, 205 (Mo.App. E.D.1998).

The trial court considered the conflict between Mother and Grandmother over Child's upbringing and also expressly found Mother was not an unfit parent under Section 452.375.5. The court then concluded that Child's best interests required modification of the 2009 custody order. The trial court's modification places Child with her biological mother in a two-parent household that will allow Mother and Child to spend more time together. Additionally, Child's relationship with Grandparents can continue as Grandparents were awarded visitation on Monday through Thursday from 3:00 pm until 7:00 pm. We cannot say the trial court erred in holding this modification is in Child's best interests. Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, J. and ROBERT M. CLAYTON III, P.J., concur.

---

**2.** We disagree with Grandparents' argument that Section 452.410 should be read to only allow a trial court to review changes in the circumstances of the child and the non-moving party. We believe *Clark* and its progeny correctly found that a party with joint custody is a "custodian" for purposes of Section 452.410 and we do not believe transfer to the Supreme Court is necessary or appropriate.