**Tiffany C. BARKER, Respondent,**

v.

**Jeffree D. BARKER, Appellant.**

**No. SD 32635.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 28, 2013.

458

Susan Appelquist, Mt. Vernon, for Appellant.

No brief filed for Respondent.

1. We use the parties' first names for clarity

DANIEL E. SCOTT, J.

Jeff Barker appeals from a marital dissolution judgment. The trial court's Form 14 calculations do not fully conform to Form 14 instructions. We affirm in part, reverse in part, and remand for further proceedings.

## Background

Jeff and Tiffany [1] each sought sole legal and physical custody of their children. Tiffany's Form 14 showed Jeff's monthly child support to be $847, after a 6% adjustment (Line 11) for the children's overnight stays with him.

The trial court granted Tiffany sole physical custody of the children, adopted her Form 14 calculation, and set Jeff's parenting time as alternating weekends and holidays, two hours on Wednesday evenings, and two weeks during the summer.

Jeff sought reconsideration. After a hearing, the court entered a superseding judgment. It gave the parties joint physical and legal custody of the children, with Tiffany's address as the children's address for mailing and educational purposes, and increased Jeff's parenting time. Adopting its own Form 14 calculation, the court set Jeff's monthly child support at $692 with no adjustment for the children's overnight stays with Jeff.

From this judgment, Jeff appeals, raising three points.

## Points I & II—Form and Language of Judgment

Jeff urges that the judgment did not include findings required by § 452.375.6 and did not properly recite § 452.375.5(1) language about the children's residential address. Such allegations "must be raised in a motion to amend

and brevity.

the judgment in order to be preserved for appellate review." Rule 78.07(c). Jeff did not so move, so these points are not preserved.[2] *See K.L.A. v. Aldridge*, 241 S.W.3d 458, 461 (Mo.App.2007); *In re Holland*, 203 S.W.3d 295, 302 (Mo.App.2006). "This situation well demonstrates again the efficacy and cost effectiveness of a post-trial motion...." *Wilson–Trice v. Trice*, 191 S.W.3d 70, 73 (Mo.App.2006). Points denied.

### Point III—Child Support Calculation

■ Jeff complains that the court's Form 14 calculation overstated his income and failed to give a Line 11 adjustment for overnight visitation.[3]

The first step in determining child support is to calculate presumed support under Form 14 and its directions and comments for use. *McCandless–Glimcher v. Glimcher*, 73 S.W.3d 68, 73 (Mo.App.2002). Per those directions and case law, Jeff's overnight periods with the children (more than 110 per year) warranted a Line 11 adjustment of at least 10%.

> If the paying parent has custody or visitation of the child between 92 and 109 days per year, the circuit court must make a ten percent adjustment in the child support obligation. However, if the parent obligated to pay child support is or has been awarded periods of overnight visitation or custody of more than 109 days per year, the overnight adjustment may be greater than ten percent.

*Russell v. Russell*, 210 S.W.3d 191, 198 (Mo. banc 2007) (citations and quotation marks omitted).

There is no such adjustment or justification of record for its omission. "Thus, we are deprived of meaningful appellate review of the trial court's award of child support, and we must reverse the award and remand for the court to make the requisite Form 14 calculations and findings and enter its award in accordance therewith." *Ricklefs v. Ricklefs*, 39 S.W.3d 865, 872 (Mo.App.2001).[4]

### Conclusion

The child support award is reversed and remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

NANCY STEFFEN RAHMEYER, P.J. and WILLIAM W. FRANCIS, JR., C.J., Concur.

---

2. Although we review only the superseding judgment, *Adair v. Adair*, 124 S.W.3d 34, 40 (Mo.App.2004), these specific complaints were not in Jeff's prior motion to reconsider either.

3. Since Tiffany did not file a brief, we rule this claim of error without benefit of any argument she might have made. *Brown v.*

*Brown*, 370 S.W.3d 684, 687 n. 1 (Mo.App. 2012).

4. Jeff's complaint that his income was overstated may be raised with the trial court on remand. *See Buckner v. Jordan*, 952 S.W.2d 710, 712 (Mo. banc 1997).