

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| TIMOTHY SCHERDER, | ) | No. ED101087 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of Pike County |
| | ) | |
| TRISHA SONNTAG, | ) | Hon. Chris Kunza Mennemeyer |
| | ) | |
| Appellant. | ) | FILED:   December 23, 2014 |

## OPINION

Trisha Sonntag (Mother) appeals the trial court's dismissal of her motion to modify the court's previous order granting Timothy Scherder (Father) sole physical custody of their daughter (Child).  We reverse and remand.

## Background

Child was born in the state of Louisiana in 2002. The parents separated in 2007. A Louisiana court adjudicated paternity and granted joint custody. Mother married and moved to Pulaski County, where she registered the Louisiana judgment. Father moved home to Pike County and filed a motion to modify the Louisiana custody order.  Mother's motion to change venue to Pulaski County was denied, and in January 2009 the Pike County trial court granted Father sole physical custody, with Mother having visitation and paying child support. This court affirmed that judgment in December 2010.  Scherder v. Sonntag, 326 S.W.3d 833 (Mo. App. E.D. 2010).

In May 2011, Mother filed in Pulaski County a motion to modify, seeking sole physical and legal custody of Child. The motion alleged changed circumstances in that: Father had a new girlfriend, Bobbi, and they had a new baby; Bobbi is physically and emotionally abusive to Child and Father allows it; both Father and Bobbi use excessive corporal punishment upon Child; Father had changed residences and jobs several times and failed to provide a stable environment for Child; and Father refuses to cooperate with Mother or facilitate communication between Mother and Child. Father moved for a change of venue to Pike County, which was granted in December 2011. The case was assigned to a judge in Pike County in April 2012 and, after a series of continuances and other delays, the parties appeared before the trial court in January 2014 (Child then age 11). The court heard testimony from Child (*in camera*), Mother, and the guardian *ad litem*.

The evidence supporting Mother's motion can be summarized as follows. Child testified that Bobbi is often harsh toward her and favors her own children. (By the time of the hearing, Father and Bobbi had married and had a second child; Bobbi also had a child from a previous relationship.). She explained, "Bobbi puts me down a lot and makes me feel like I'm a burden to her." Child further testified that Bobbi "sometimes throws stuff at me" and often spanks her, most recently two days before the hearing. In 2011, Bobbi spanked Child several times, causing her to fall against a sink and prompting Mother to contact Children's Division, which investigated and directed Bobbi not to use physical punishment. Child expressed a desire to live with Mother because, in sum: Child feels more comfortable with Mother "because I can show my feelings with her and Bobbi won't put me down all the time;" Child prefers Mother's house where she has her own room and some privacy; and Mother "does more" with Child and would allow Child to participate in extra-curricular activities. Mother testified that she is concerned

2

about Child's treatment and living conditions at Father's house, that Father refuses to communicate with her, and that she could provide a better environment for Child.

Based on the foregoing testimony, Father moved for dismissal or directed verdict arguing that Mother had failed to establish a significant and ongoing change of circumstances since the prior order. The court agreed and granted dismissal before hearing from the GAL. From the bench, the court enumerated each allegation in Mother's motion (Father's marital status, his job changes, Bobbi's corporal punishment, their housing relocations, their failure to provide a stable home, and communication failures) and found that none rose to the level of a change in circumstances warranting modification of custody.

Mother then made an offer of proof to adduce the GAL's testimony. The GAL visited Father's home and reported that the house was "very untidy" - to the point that she almost called Children's Division - and "very small," with six people sleeping in two bedrooms. She adduced the Children's Division report generated from Mother's hotline call, in which Father and Bobbi agreed that Bobbi would not use physical discipline against Child, although Bobbi continued to do so as recently as the week of the hearing. The GAL further testified that Child's circumstances had changed substantially since Father was first awarded sole physical custody. Specifically, she highlighted Father's remarriage, Bobbi's physical punishment, three or four relocations, and their current living conditions. Therefore, "based on the totality of circumstances" including "the situation at home with stepmom," and reasoning that a teenage girl needs her mother, the GAL recommended that Child's best interests would be served by granting sole physical custody to Mother.

Following the GAL's testimony, the court reiterated its conclusion that the evidence of changed circumstances was insufficient to warrant modification and thus dismissed Mother's

3

motion. In its written judgment and order of dismissal, the court found that there were "no substantial and continuing changes in circumstances rising to the level of compelling this court to grant any modification." Additionally, the court found that modification was not in Child's best interests. Mother appeals and asserts two points of error: (1) that the trial court's judgment was against the weight of the evidence, and (2) that the trial court lacked authority to hear the motion because Pulaski County, and not Pike County, was the proper venue.

## Standard of Review

On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Jansen v. Westrich, 95 S.W.3d 214, 217-18 (Mo. App. 2003), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Additional principles governing our standard of review are noted below as relevant to the issues on appeal.

## Discussion

*Change in Circumstances*

Section 452.410.1 states that a court shall not modify a prior custody decree unless it finds a change has occurred in the circumstances of the child or her custodian and that modification is necessary to serve the child's best interests. §452.410.1. Before a custody decree can be modified, there must be a significant or substantial change in circumstances. Kinner v. Scott, 216 S.W.3d 715, 718 (Mo. App. S.D. 2007).

For her first point, Mother asserts that the trial court erred in dismissing her motion because the evidence established a change in circumstances sufficient to warrant modification. In other words, framing Mother's point within our standard of review, Mother asserts that the

trial court's ruling is against the weight of the evidence.[1] This court must exercise extreme caution in setting aside a judgment as against the weight of the evidence and will do so only upon a firm belief that the judgment was wrong. Kinner, 216 S.W.3d at 718. We hold that firm belief here.

When Father first sought sole custody of Child in 2008, he and Child were residing with his parents in a large two-story farm house, Father worked part-time, both he and his parents cared for Child, and they had many family members (aunts, uncles, cousins) in the area. By contrast, Mother and her new husband had moved to Pulaski County where they had no family, and the husband was on active military status and subject to relocation. Father asserted that Child's interests would be better served living with him in Pike County because his home provided a stable environment offering the support of Child's grandparents and the proximity of extended family. In an otherwise close case involving equally competent and devoted parents, the home environment was an important factor supporting the trial court's best-interests determination in Father's favor, and we deferred to that conclusion despite shortcomings in the court's written findings.[2]

The record now before this court depicts a drastically different situation. Child now has a step-mother who physically punishes her in violation of Children's Division's directive and lives in an overcrowded and dirty house that the GAL "had a hard time not [hot-lining]." "In change

_____

[1] It is clear from the transcript and the court's findings that the court's dismissal was a judgment on the merits, so we will review it as such. See Murphy v. Middleton, 256 S.W.3d 159, 163 (Mo. App. S.D. 2008) (dismissal after plaintiff's evidence treated as judgment on the merits under Rule 73.01(b)).

[2] In the first appeal, Mother challenged the sufficiency of the trial court's written findings in that they were generic and lacked factual detail from the record. For example, the court simply found that granting Father sole custody was in Child's best interest, without citing facts from the record supporting that conclusion. Although the absence of factual reasoning favoring Father as sole custodian was troubling, the judgment was supported by the record and adequate to withstand appellate review according to applicable precedent. See Lalumondiere v. Lalumondiere, 293 S.W.3d 110 (Mo. App. 2009). Nevertheless, it bears repeating that specific findings are preferable in that they demonstrate transparency, enhance public confidence, and facilitate appellate review.

of custody cases, the movant must show a change in circumstances of the child or the *custodial* parent which is significant and directly affects the welfare of the child." Wilson v. Wilson, 873 S.W.2d 667, 670 (Mo. App. E.D. 1994), citing §452.410. (emphasis original) Changes in marital status are substantial changes that can support modification. McIntosh v. McIntosh, 400 S.W.3d 860 (Mo. App. E.D. 2013). Here, the change in Father's marital status has significantly and directly affected Child's welfare. While our standard of review demands great deference to the trial court, this particular record precludes a finding that circumstances have not changed substantially since 2008. The trial court's finding to the contrary is against the weight of the evidence and is not supported by the record.

Additionally, insofar as the trial court found no "substantial *and continuing*" changes in circumstances to warrant modification, the court misapplied the law. "A finding of a 'substantial and continuing change' in circumstances is not a prerequisite to the modification of custody decrees." Kinner v. Scott, 216 S.W.3d 715, 719 (Mo. App. S.D. 2007). The "substantial and continuing change" language is part of §452.370 governing modifications of support. Id. To modify child custody under §452.410, "a change in circumstances of the child or custodian warranting custody modification must be 'substantial' or 'significant,' but it need not necessarily be continuing." Id. Here, the trial transcript and the written judgment confirm that the court applied the "substantial and continuing" standard. From the bench, the court explained, "one of the things the court is going to have to find to make any change is that there's not just a change in circumstances, it has to be substantial and it has to be continuing." Similarly, in its written judgment of dismissal, the court found that "there are no substantial and continuing changes in circumstances." This finding is premised on legal error and cannot stand.

Though the trial court found no change in circumstances warranting modification and dismissed Mother's motion on that basis, the court's written judgment contains an additional substantive finding, *sans* analysis, that modification was not in Child's best interest. But the procedural evolution of this case and the resulting record preclude such a conclusion. "If the trial court does not find a substantial change of circumstances, it never reaches the best interests issue." Kinner, 216 S.W.3d at 718. Here, the trial transcript illustrates that the court relied on the former without intending to reach the latter. The court heard the GAL's recommendation only by virtue of Mother's offer of proof *after* the court's dismissal ruling from the bench. Though the court eventually allowed the GAL to present evidence,[3] ultimately the court reaffirmed its dismissal based on the threshold question of changed circumstances. It is unclear whether or to what extent the court meant to accept the GAL's offer of proof into the record but, given the court's disposition on the predicate issue, it should not have reached best interests, and its bare finding on that issue was error.[4]

We remain mindful that the trial court has broad discretion in child custody matters, and we must affirm its decision unless we are firmly convinced that the welfare and best interests of the child require otherwise. Chapin v. Chapin, 985 S.W.2d 897, 900 (Mo. App. 1999). Here, this time, we are firmly convinced that reversal and remand is required for a proper determination whether modification is in Child's best interests. Mother's first point is granted.

---

[3] Notably, the court asked the GAL to identify "continuing" changes supporting the motion. Though not a legal requirement, as discussed above, the GAL emphasized Father's marriage to Bobbi, Bobbi's corporal punishment and hostility toward Child, and sub-standard living conditions in the home. The GAL also adduced the Children's Division report (dated March 2011) in which Father and Bobbi agreed not to use corporal punishment on Child.

[4] The court's procedural approach further undermines confidence in its substantive assessment of Child's best interests when combined with the GAL's contrary recommendation, Child's wishes, and the totality of circumstances reflected in the record, all of which will inform the court's examination on remand. Of course, the trial court has discretion to re-open and update the record as it deems necessary. Hamer v. Nicholas, 186 S.W.3d 884 (Mo. App. W.D. 2006).

*Venue*

For her second point, Mother contends that the trial court lacked authority to entertain her motion because Pulaski County, and not Pike County, was the proper venue. Both parties invite our review for an abuse of discretion. State ex rel. City of Jennings v. Riley, 236 S.W.3d 630, 631 (Mo. 2007). But, to the extent that venue is governed by interpretation of a statute, as it is here, it is a question of law reviewed *de novo*. McCoy v. The Hershewe Law Firm, P.C., 366 S.W.3d 586 (Mo. App. W.D. 2012).

Recalling the procedural history of this case, after the parties separated and moved to Missouri in 2007, Mother registered the Louisiana paternity judgment and custody order in Pulaski County. Generally, a foreign judgment registered in a Missouri circuit court is treated "in the same manner as a judgment of the circuit court of this state." Rule 74.14(b). A foreign judgment registered in Missouri becomes a final judgment of the court in which it was registered. Reardon v. Reardon, 689 S.W.2d 127, 129 (Mo. App. E.D. 1985). A petition for modification of custody, if the original proceeding originated in Missouri, should be filed in that original case. §452.747.1. Where the court awards custody of a child in a divorce decree, it retains continued exclusive jurisdiction over future modifications. Matsel v. Akins, 624 S.W.2d 180, 182 (Mo. App. W.D. 1981). On the basis of the foregoing principles, Mother submits that the Louisiana judgment became an original proceeding in Pulaski County when she registered it there, so Pulaski County retained continuing exclusive jurisdiction over all subsequent modifications.

Though Mother's logic is compelling, the procedural record thwarts its application. Here, when Father filed the first modification action in Pike County in 2008, Mother's objection to that venue was deemed waived because she relied on Rule 51.03 (granting a right to change venue in civil jury trials in counties of fewer than 75,000 inhabitants) rather than on Rule 51.045

(mandating transfer when venue is improper). As a result, the case proceeded in Pike County notwithstanding Mother's registration of the Louisiana judgment in Pulaski County.

The question now is whether the Pike County trial court erred by retaining jurisdiction in this subsequent modification action. Section 452.745 supplies the answer and supports the trial court's authority: "a court of this state *that has made a child custody determination* consistent with section 452.740 [initial determination] or 452.750 [modification] has exclusive continuing jurisdiction over the determination." §452.745.1. (emphasis added) In other words, because Pike County made the previous custody modification, it has exclusive continuing jurisdiction.[5] Consequently, Mother's second point must be denied.

## Conclusion

The trial court's finding that there were no changed circumstances warranting modification is against the weight of the evidence. The judgment is reversed and remanded for a determination whether modification is in Child's best interests.


_____
CLIFFORD H. AHRENS, Judge


Lawrence E. Mooney, P.J., concurs.
Lisa Van Amburg, J., concurs.

---

[5] Oddly, neither party mentions the controlling statute, §452.745. Instead, each undertakes a tortured analysis of a factually inapposite case to support their position. In State ex rel. Lineback v. Williams, 787 S.W.2d 334 (Mo. App. S.D. 1990), neither party registered the foreign judgment before one filed a motion to modify in his home county and served the other in her home county. The appellate court applied the general venue statute, §508.010, and held that service was defective.

9