

# In the Missouri Court of Appeals
# Eastern District

## NORTHERN DIVISION

| | | |
|---|---|---|
| S.C.J.M., and B.J.J.M., BY THEIR NEXT FRIEND, S.D.M., and S.D.M., INDIVIDUALLY, | ) ) ) ) | No. ED110409 |
| Appellants, | ) ) | Appeal from the Circuit Court of Marion County |
| vs. | ) ) | 19MR-CV01698 |
| B.J.N.S., | ) ) | Honorable John J. Jackson |
| Respondent. | ) | Filed: May 16, 2023 |

S.C.J.M. (Father) appeals from the trial court's Judgment and Order for Determination of Father – Child Relationship, Child Custody and Child Support (Judgment) awarding B.J.N.S. (Mother) sole physical and sole legal custody of their two minor children and denying him visitation.  We affirm.

## Background

Father filed a two-count petition against Mother in October 2019, asking to be declared the biological father of their two children (ages 7 and 5 at trial) and seeking temporary physical custody every other weekend and every non-weekend visitation week from Wednesday evening until Friday evening as set forth in his proposed parenting plan.  Mother admitted Father is the biological father of the minor children but denied that his parenting plan was in their best interest and argued any contact with Father would endanger the children's physical health or impair their

emotional development such that his visitation should be restricted. Mother requested that the court award her sole physical and sole legal custody with no contact between Father and the children.

At trial on October 4, 2021, the court heard extensive testimony from the parties, the guardian *ad litem*, an autism specialist working with one of the children, a support coordinator for the county, and a Hannibal police officer regarding Father's history of domestic violence against Mother and his inability to exercise even supervised visitation. The court awarded sole legal and sole physical custody to Mother, but found any contact with Father would "endanger the children's physical health and impair their emotional development" such that he was not granted visitation. This appeal follows.

## Discussion

Father argues two points on appeal, which do not contest the sufficiency of the evidence to deny him contact with the minor children but allege the trial court misapplied the law in entering its parenting plan. Father's first point contends Section 452.375.9 RSMo Cum. Supp. (2018) and Section 452.310.8(A) and (B) RSMo (2016),[1] as well as the Supreme Court's parenting plan guidelines, require the court to designate legal and physical custody, visitation, and residential time. Father argues the court's parenting plan is devoid of the mandatory arrangements specified in Section 452.310.8. His second point alleges the court failed to make sufficient findings required under Section 452.375 in that custody was in dispute and the parties each submitted their own proposed parenting plans to the court. Father's arguments are rather confusing because the parenting plan at issue merely reflects the trial court's findings regarding

---

[1] All statutory references to Section 452.375 are to RSMo Cum. Supp. (2018). All other statutory references are to RSMo (2016) unless otherwise indicated.

custody and visitation which are fully set forth in the Judgment on appeal. For simplicity, we address both points together in the order of custody, visitation, and parenting plan requirements.

*Standard of Review*

The appellate court will affirm an award of child custody unless we are "firmly convinced" that the welfare of the child requires an alternative arrangement. *Thorp v. Thorp*, 390 S.W.3d 871, 877 (Mo. App. E.D. 2013) (quoting *Siegfried v. Remaklus*, 95 S.W.3d 107, 111 (Mo. App. E.D. 2001). We review a child custody determination according to the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *Thorp*, 390 S.W.3d at 877. "We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ball v. Ball*, 638 S.W.3d 543, 548 (Mo. App. E.D. 2021) (citing *Murphy*, 536 S.W.2d at 32). We view the evidence and all reasonable inferences in the light most favorable to the judgment and do not reweigh the evidence. *Ball*, 638 S.W.3d at 548 (citing *Thorp*, 390 S.W.3d at 877). Because the trial court has a superior opportunity to observe the sincerity and character of the witnesses, we defer to the court's credibility determinations. *Ball*, 638 S.W.3d at 549 (citing *Mehler v. Martin*, 440 S.W.3d 529, 534 (Mo. App. E.D. 2014)).

*Analysis*

Father's appeal contends that the court's parenting plan is devoid of the mandatory legal and physical custody, visitation, and residential arrangements set forth in Sections 452.375.9 and 452.310.8(A) and (B), as well as the Supreme Court's parenting plan guidelines. Section 452.375.9, in relevant part, requires "[a]ny judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 8 of section 452.310," and further requires both parents to submit a proposed parenting plan setting forth the arrangements, including custody, visitation, and

3

residential time, accounting for special holidays and weekday/weekends, and times and places for transfer, among other things. The Missouri Supreme Court parenting plan guidelines require parents to consider the children's need and interests above all else, and develop a plan to meet those best interests when including specific information for custody and visitation, decision-making rights and responsibilities, dispute resolution, and expense of the children. *See* Parenting Plan Guidelines, Section 452.310. Father argues the absence of written findings regarding the proposed parenting plans demonstrates that the Judgment fails to meet these requirements.

Section 452.375.4 does express Missouri's public policy for "frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child . . ." However, there is an exception "for cases where the court specifically finds that such contact is not in the best interest of the child." *See Van Pelt v. Van Pelt*, 824 S.W.2d 135, 136 (Mo. App. W.D. 1992) (discussing the policy of the state and statutory exception of Section 452.400); Section 452.375.4. Thus, any custody plan approved and ordered by a trial court "shall be in the court's discretion and shall be in the best interest of the child." Section 452.375.9.

In this matter, we agree there are no findings regarding the parenting plans as Father contends but his arguments are irrelevant because of the trial court's detailed and thoughtful analysis of the statutory factors regarding custody and visitation in the Judgment. Specifically regarding custody, the court made the proper findings pursuant to Section 452.375.2 in enumerated paragraph No. 10 (a-h), before awarding Mother sole legal and sole physical custody. *See Harris v. Harris*, 2023 WL 2761997 at *5 (Mo. App. E.D. April 4, 2023). While "the trial court is not required to make a detailed finding on each factor listed in section 452.375.2," we find the Judgment went above and beyond here. *See Lalumondiere v. Lalumondiere*, 293 S.W.3d 110, 113 (Mo. App. E.D. 2009).

4

Father's argument also fails regarding visitation because of the trial court's findings pursuant to Section 452.400, which permits substantial restrictions when "the court finds, after a hearing, that visitation would endanger the child's physical health or impair his or her emotional development." Section 452.400.1(1). In such circumstances, the court "shall enter an order specifically detailing the visitation rights of the parent without physical custody rights," and "***shall consider evidence of domestic violence***." *Id.* (emphasis added); *K.L.A. v. Aldridge*, 241 S.W.3d 458, 461 (Mo. App. W.D. 2007) (circuit court did not err in ordering Aldridge supervised visitation due to a history of physical abuse, while granting sole legal and physical custody to K.L.A.).

The trial court found Father committed domestic violence against Mother, including numerous threats to kill her and that his "history of domestic violence upon [Mother] is concerning and it impacts the safety and well being of the minor children." This finding alone is sufficient to restrict Father's visitation. But, the trial court also found Father's previous contact with one of the children resulted in her "regressing to where she was not eating, bathing, she was hitting [Mother] and her sister, she would scratch her mother, and that she regressed to the point of acting like an animal," and that this behavior negatively impacted her sister.

Father contends he submitted a parenting plan, but the court did not acknowledge it. However, he did not offer his parenting plan into evidence, but only attached it to his initial petition, which does not prove itself. *See Barnhart v. Ripka*, 297 S.W.2d 787, 790 (Mo. App. 1956). Regardless of whether the court considered Father's proposed parenting plan, it still heard all the evidence and carefully considered each of the appropriate statutory factors before concluding that Father should have no contact with the children. We hold the court's finding of domestic violence, in accordance with Section 452.400, and his negative impact on the children's physical and emotional well-being was more than sufficient to determine the custody and

5

visitation arrangement that was in the best interest of both minor children. *See K.L.A.*, 241 S.W.3d 458, 461. Therefore, the trial court was free to reject Father's proposed parenting plan, even if properly introduced at trial.

The court properly entered its Judgment regarding custody and visitation in accord with sections 453.375 and 452.310 by granting Mother "sole physical and sole legal custody." Moreover, Father's visitation – or lack thereof – was premised upon the specific finding as required by Section 452.400 that "it is in the best interest of the minor children that [Father] have no contact with them" because any visitation with him "would endanger the children's physical health and impair their emotional development." The court adopted Mother's parenting plan which merely reflected the court's findings in the Judgment. Thus, any further provisions in the parenting plan regarding residential time, holidays, weekends, or places of transfer details would be superfluous.

In conclusion, it is clear that the trial court awarded custody and visitation in the best interest of the children for numerous reasons. Therefore, the trial court did not err in adopting a parenting plan that was in accord with its Judgment in favor of awarding Mother sole physical and legal custody and denying Father visitation. Points one and two are denied.

### Conclusion

The Judgment of the trial court is affirmed.

_____
Lisa P. Page, Judge

Michael E. Gardner, C.J. and
Kurt S. Odenwald, J. concur.

6